WILLIAM NELSON AND ELIZABETH HIS WIFE *vs.* JOSHUA B. BOND, SURVIVING PARTNER OF RICHARD BOND.—*December* 1843.

An action against husband and wife, founded on the note of the wife, made by her while sole in *Louisiana*, is not barred by her release before marriage, and after the maturity of her note, under the insolvent laws of *Maryland*.

The plea of limitations is classed among those not deemed meritorious, and in relation to the reception of which, courts of justice act with care and strictness, and must be filed by the rule day.

A general continuance of a cause does not enlarge the time to file the plea of limitations.

Upon a note made in *Louisiana*, bearing ten per cent. interest until paid, this court will enter judgment accordingly.

APPEAL from *Harford* County Court.

This was an action of *Assumpsit*, brought on the 7th May 1839, by the appellee against the appellant, to recover the amount of a promissory note of *Elizabeth*, the wife of the appellant, made while sole, on the 1st April 1831, at *Donaldson*, in the *State of Louisiana*, payable twelve months after date, to *Joshua B. Bond* the appellee, and one *Richard Bond*, (since dead,) then partners in trade, &c., for the sum of $136.63, bearing *ten per cent. interest*, for value received.

The parties, without further pleading, submitted the case to the county court on the following statement of facts, viz:

In this case it is admitted that the promissory note, which is the ground of the action, is the note of *Elizabeth*, now the wife of *William Nelson*, who together, are the defendants in this suit: that the same was duly executed, as it purports, at *Donaldson*, in the *State of Louisiana*, on the day of its date, and that at the time of its date aforesaid, the plaintiffs and the said *Elizabeth* resided in the *State of Louisiana;* that after the execution of the said note, the said *Elizabeth* removed to the *State of Maryland*, and there, to wit, in *Harford* county, on the 14th December 1837, applied for the benefit of the insolvent laws of said *State of Maryland*, and on the 17th March 1838, obtained a final discharge under said application, and was a short time afterwards, before the institution of this suit,

married to the defendant *William*, and that said *Elizabeth* had no property when she applied for the benefit, and has not acquired any since. It is further admitted, that more than three years had elapsed from the time said note fell due till the institution of this suit, and that the defendants are to be considered as having all the benefit of a plea of limitations, pleaded by them at the *May* term 1841; and the plaintiff had moved the court to strike out the same, on the ground of its coming in too late under the following rules of *Harford* county court:

ELEVENTH RULE. The 1st day of January and the 1st day of June shall be the rule days, and whenever a rule is laid to declare or to plead, the declaration or pleadings are to be filed on or before the rule day. When a declaration or any other part of the pleadings is filed on or before the rule day, in pursuance of a rule previously laid, the adverse party shall be bound to answer the same, and to file the pleadings necessarily arising in succession on or before the second day of the next succeeding term; either party failing to comply with this rule may have judgment of *non pros*, or by default entered against him whenever the action is called up on the first going over of the docket, but the general issue plea may be pleaded by a defendant at any time before judgment by default is entered against him, although he hath not pleaded before the rule day; this however will never be considered a reason to delay the "trial."

SIXTY-EIGHTH RULE. Ordered, that all declarations, replications and other pleadings, shall be filed on or before the 1st day of May and the 1st day of November preceding each term of this court, and all rules to plead or declare shall operate to the said days respectively, and any party failing to comply with a rule to plead or declare, shall have judgment of *non pros* or by default, as the case may be, according to the rules of this court.

And had also replied, that the defendant *Elizabeth* had admitted the said debt in her insolvent schedule to be due when she applied for the benefit of the insolvent laws as aforesaid; and secondly, that by the laws of *Louisiana*, where the note

was made, it would not be barred until ten years had elapsed from its date. And it is admitted that the said debt was inserted in the schedule of debts due and owing by the said *Elizabeth*, made and filed with her application for the benefit of the insolvent laws as aforesaid, and that by the laws of *Louisiana* the said debt would not be and is not barred until the expiration of ten years from its date.

It is agreed that this case be submitted to the court on the aforegoing statement, and if the court shall be of the opinion that the plaintiff is entitled to recover, their judgment to be entered for the plaintiff, with interest, and costs. It is also admitted that ten per cent. is the legal rate of interest on said note by the laws of *Louisiana*. And if the court shall be of a contrary opinion, then judgment to be entered for defendants, with costs, either party to be at liberty to appeal.

Wm. B. Bond, for Pl'ff.
Otho Scott, for Def'ts.

The county court adjudged that the said *Joshua B. Bond* recover against the said *William Nelson* and *Elizabeth* his wife, the sum of $136.63, with *ten per cent. interest* thereon from the 1st April 1831, till paid, and costs.

The defendants appealed to this court.

The cause was argued before Stephen, Archer, Dorsey, Chambers and Spence, J.

By Otho Scott for the appellants, and
By W. Schley for the appellee.

Spence, J., delivered the opinion of this court.

The statement of facts in this case set forth that the action is instituted upon a promissory note executed by *Elizabeth Stansbury* to *Joshua B. Bond* and *Richard Bond;* that the note was made and executed in the State of *Louisiana*, and that at the time the parties were citizens of the said State; it is also admitted, that subsequently to the time of making the note, the defendant *Elizabeth* removed to the State of *Maryland*, and was discharged under the insolvent laws of *Maryland*, and

intermarried with the defendant *William Nelson.* It is further admitted, that *Richard Bond* hath died, and *Joshua B. Bond* survived him.

The first reason presented to our consideration why this court should reverse the judgment of the county court, is, because the discharge of the wife while single under the insolvent laws of *Maryland,* is a bar to the recovery by the appellee in any of the courts in this State. We think this is not an open question in *Maryland,* since the decision in the case of *Frey vs. Kirk,* 4 G. & J. 509, in which this precise point was made, and after a full investigation of the authorities on the subject, this court decided the discharge was no bar to the action.

We are of the opinion, that under the statement of facts, the plea of limitations is out of the case. This plea is classed among those not deemed meritorious, and in relation to the reception of which, courts of justice act with care and strictness.

The limitation of time within which this plea might have been filed under the rules of *Harford* county court, expired on the 1st day of November 1840; the agreement states that the plea of limitations is not to be considered as filed sooner than May term 1841.

It is insisted, that the rule to plead was extended at Nov. term 1841, and thereby gave the defendant liberty to file this plea. This would be rather a strange effect, resulting from the plaintiff's courtesy to the defendant, if it conferred upon him a right which he had lost by his default, to wit, to plead any other plea than one to the merits. To adopt such a construction of the rules of court, would be to change the long established practice in most of the judicial districts in *Maryland,* a change which might not tend to promote the ends of justice.

JUDGMENT AFFIRMED.