(Decided July 12th, 1865.)

ALVA SPEAR and CHARLES SPEAR, *vs.* ROBERT B. GRIFFIN, Garnishee of ELIPHALET H. MERRILL.

ATTACHMENT: PLEADINGS.—The short note in attachment, is a substitute for a declaration, and it is error in the Court below to require the plaintiffs to file a new *nar.* after the defendant has dissolved the attachment and appeared to the summons case.

The defendant, upon his appearance, has a right to plead for himself, and is not affected by the pleas put in for him by the garnishee.

———: ———: LIMITATIONS.—And he should be subjected, after appearance, to the usual or proper rule to plead, in order to the application of the strict rule which governs the admissibility of the plea of limitations.

APPEAL from the Superior Court of Baltimore city.

*Attachment on warrant* issued from the Superior Court of Baltimore city, on the 8th of July 1859, to effect the credits, &c., of Eliphalet H. Merrill, and laid in the hands of Robert B. Griffith, garnishee. The facts of the case are very fully stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*E. O. Hinkley* and *Jno. T. Morris,* for the appellants:

1st. The *short note* in attachment is a sufficient declara-

tion, as well in case the defendant comes in and dissolves it by giving bond, as in case he does not. This point was expressly decided by the Supreme Court of the U. States, in *Goldsborough vs. Orr*, 8 *Wheat.*, 226, which was well considered, and was decided unanimously; and this practice is there said, by Judge STORY, to have been "solemnly adjudged by the Court of Appeals of Maryland,"—he refers to *Smith vs. Gilmor*, 4 *H. & J.*, 177. And since the decision in 8 *Wheat.*, Judge ARCHER, in *Thrasher vs. Everhart*, 3 *G. & J.*, 242, says: "According to our practice, the *short note* is substituted, in this kind of proceeding, for the declaration."

There can be but one declaration, since there is but one defendant, the garnishee answers the writ. In *Hinkley on Attachment*, *p.* 78, it is said, that the short note "supplies the place of a declaration as against the garnishees," citing the Maryland cases above, and then adds, "when, however, the attachment is dissolved, and an appearance for the defendant is entered in the *capias* case, a declaration becomes necessary." He seems to have overlooked the case in 8 *Wheat.*, which is directly in point to the contrary. There is no authority in the *Md. Reports* for Mr. Hinkley's opinion, that a new declaration is necessary against defendant coming in. True, the cases in Maryland were against garnishees, but no intimation is given by Judge ARCHER that the Court meant to confine its opinion to such a case, for the language is sufficient to cover all cases; but admitting the cases in Maryland are not binding as precedents, further than the facts require, and that the point is not decided as to the defendant coming in upon dissolution, what becomes of the case in 8 *Wheaton?* Shall it be overruled, as an erroneous interpretation of Maryland practice, when the Supreme Court said, "upon hearing the parties again, our doubts are entirely removed."

The Acts of 1715, ch. 40, sec. 3, and 1795, ch. 56, sec. 3, both use the words "declaration" and "short note" as synonymous. The words are—"declaration or short note,

expressing the plaintiff's cause of action." The use of a declaration is to declare the cause of action for the information of both garnishee and defendant. The short note does this as plainly as the declaration—and the short note is to be filed, and a copy to be left with the defendant's attorney, or at his last dwelling, or set up at the court house door, to inform the defendant. Why, then, another story of his case to be required of the plaintiff? Would he be permitted to tell another story that is to make any material variance in it? Must it not, of necessity, be substantially the same?

If the short note in this case be examined, it will be found to contain all that is required by the Act of 1856, ch. 112, on pleading, which was in force when this action was brought, and even more. Add to this the necessity peculiar in attachment cases, of an affidavit with the evidence of debt annexed, and there can be no fear that the defendant will not be fully informed. To what end, then, compel the plaintiff to an useless repetition? The only purpose is, to give further time to the defendant, and so delay the case. If he can plead at all, after the garnishee has pleaded for him, he may as well plead to the short note as to a new declaration. If the garnishee pleads for the defendant to the short note, why cannot the defendant do the same, so far as he may have any right to plead? The defendant's right to plead does not change the plaintiff's case. The plaintiff does not change his position, but remains in *statu quo*, the defendant only changing places with the garnishee.

2nd. The defendant came in several terms after the case was at issue. Can he, by so doing, get the right to plead anew? The Act of 1795, ch. 56, sec. 4, allows the garnishee to plead for the defendant. And the Act of 1854, ch. 153, repealing 1834, ch. 79, provides that attachments shall not be dissolved without bonds, and the appearance of defendant. It is silent as to time. Can the defendant, then, come in at any time before actual judgment? And, if so, what is the effect of his coming in after the term at which pleas are filed on his behalf by garnishee?

In the case of *Walters vs. Munroe*, 17 *Md. Rep.*, 501, it was decided, under the Act of 1715, that "the defendant had the right to come in at any time during the term, (at which the attachment was returned,) and, by giving bail and appearance under the *capias*, to dissolve the attachment, and to plead and defend the action, the attachment being merely ancillary to the suit, and intended to compel an appearance. But this right to appear and dissolve the attachment, continued only during the term."

The construction of the Act of 1795, must necessarily be the same. The purposes of both Acts were to compel appearance and pleadings within the term. Neither the Acts of 1834, nor of 1854, extended the time. These Acts were intended to restrict, rather than enlarge the defendant's rights. The attachment laws are construed strictly against plaintiffs—the greatest care and diligence being required of them—why should the defendant be allowed to procrastinate and to delay? The whole policy of the law is dispatch. The attachment of his property and the notices provided, like advertisements in case of non-resident defendants in equity, give jurisdiction and compel appearance, or else pass the title by the judgment in *rem*.

It is admitted, also, that it was decided, in *Wilson vs. Starr*, 1 *H. & J.*, 491, that the defendant has a right to come in and file a bond and dissolve the attachment, and then plead for himself,—not being bound by the garnishee's pleas for him, although the garnishee is expressly authorized to plead for defendant. Act of 1795, ch. 56, sec. 4. Within what time may these pleas of garnishee for him be considered not to affect him? For all time, as long as the defendant chooses to delay. Is there no limit but the day of final judgment entered in the case? Can he not be considered to be in default, after the appearance term, so as to be precluded from changing the pleas already in, upon coming in thereafter?

As to the plea of limitations, it is required to be pleaded strictly by rule of Court, within fifteen days. Practically,

the rule is of no utility, if the defendant be allowed to come in after several terms and plead it. It has always been held, that it must be pleaded strictly within the rule day. Is there any reason for allowing to absconding debtors the peculiar advantages which may result from allowing them to come in at any time after the appearance term and plead limitations? Cannot the defendant avail himself of the plea of limitations, if pleaded for him by the garnishee? Why should he have the advantage of these pleas, but the plaintiff not be bound?

3rd. If it be decided that no new declaration was necessary in this case, it will be necessary to consider whether, under the peculiar state of facts set forth in the 2nd bill of exceptions, and motion, the plea of limitations by the defendant is fairly to be admitted in any event. The plea of limitations is not favored in law. *Farmers' Bank vs. Sprigg,* 11 *Md. Rep.,* 398. It must be filed by the rule day. *Kunkel vs. Spooner,* 9 *Md. Rep.,* 462. *Wall vs. Wall,* 2 *H. & G.,* 81. It cannot be amended. *State, use of Johnson, vs. Green,* 4 *G. & J.,* 384. *Lammot vs. McLaughlin,* 3 *H. & McH.,* 324.

The defendant did not file his first set of pleas; but only served a copy on the plaintiffs' counsel. The clerk refused to receive the plea, and he permitted the clerk's decision to govern him. He might have appealed to the Court by suggestion, motion or petition. It is the duty of counsel to see that the clerk makes no mistakes that may prejudice his client. The clerk's opinion cannot be allowed to prejudice the plaintiff. He is not a Judge. It is no judicial decision. *Walters vs. Munroe,* 17 *Md. Rep.,* 501. *Graff & Gambrill vs. Mercht's Trans. Co.,* 18 *Md. Rep.,* 364. *McCoy vs. Boyle,* 10 *Md. Rep.,* 391. *Clark & Jackson vs. Bryan & Lunt,* 10 *Md. Rep.,* 171.

The plaintiff ought not to lose time, nor the defendant to gain advantage, by the clerk's error. It is not a question of notice or knowledge; but it is the legal duty to have filed the plea, that must decide this point.

Spear, *et al.*, *vs.* Griffin, Garn. of Merrill.

If, when oral pleadings were used, the defendant had, out of Court, told the plaintiff that he intended to plead a certain plea, but did not do it when he came into Court, of what avail would that be? A man may make either a promise or a threat and never fulfil it. Is then the word as good as the deed? In morals it may sometimes be so, but not always; and certainly it is not so in law, either in criminal or civil cases. There is a *locus penitentiæ* always allowed, and until the deed be done, no one can certainly know whether it will be done. Thus the defendant might lull the plaintiffs' fears—might delay even until trial, if such were the law. Besides, if in *Wall vs. Wall*, the filing limitations short in the docket was not allowable, certainly not filing it at all does not avail. The form of the plea is material, since it cannot be amended, and if the defendant errs herein, he must lose the benefit of that plea. It must then be put on the record, out of the defendant's power, within the time limited. The defendant's offer of pleas, which he never filed, cannot avail him. The defendant did not file the pleas to the short note, which he had prepared and served on the plaintiffs' counsel, on or about May 19th, 1860, but he prepared and filed a new set for the new declaration, on or about February 3rd, 1861.

4th. The 2nd prayer raises the question, whether this account is such as concerns the trade between merchant and merchant, not residents of this State,—and so comes within the exception in the Act of 1715, ch. 23. The Judge instructed the jury that it was not such. The character of this account is fully explained by the witness Timpson, in the third bill of exceptions. It plainly appears that the account is one of mutual debits and credits. The trade was in stocks, which certainly may be considered articles of merchandise.

5th. The 3rd prayer raises the question, whether the Act applies to the parties in this case, because they are all non-residents of this State.

6th. The 4th prayer raises the question of the perma-

nency of the presence of the defendant, that is, his residence, and the 6th prayer, that all his visits, together, did not amount to three years. The Judge instructed the jury, that if the defendant's presence was for such a length of time, as afforded the opportunity of arresting him at any one time, it was sufficient.

7th. The 7th prayer uses the words of the Act, "whereby the plaintiffs were at an uncertainty of finding him out."

The 8th prayer uses the words, "within the knowledge of the plaintiffs," &c.

The 9th prayer refers to the fact, that the plaintiffs being residents of New York, must have used more than ordinary diligence to ascertain when the defendant was here.

The 10th prayer asks an instruction, that the evidence of presence in the admission of facts is insufficient. The Judge's instruction says: "under such circumstances, as afforded the plaintiffs the opportunity of arresting him by the use of ordinary diligence." *Heisenger vs. Johnson*, 3 *G. & J.*, 155. *Crosby vs. Wyatt*, 10 *Shep.*, 156. *Hall vs. Nasmith*, 28 *Vt.*, 791. *McQuoid vs. People*, 3 *Gilman*, 76. *Smith vs. Bond*, 8 *Ala.*, 386.

8th. The 11th prayer relates to a new acknowledgment of the debt within three years, and ought to have been granted, as there was some evidence of it. See letter of defendant, dated August 1856.

*J. Dean Smith*, for the appellee:

1st. The refusal of the Court to allow the defendant to file his first pleas, offered before the filing of the declaration by the plaintiffs, and the entry by the clerk of "*rule nar.*," requiring the plaintiffs to file their declaration, was not a matter from which an appeal lies; it was within the sound discretion of the Court below, under its rules and practice, and cannot be reviewed here; it was not a final judgment, but merely interlocutory matter. See *Hawkins vs. Jackson*, 6 *H. & J.*, 151, and *note a*. *Union Bank vs. Ridgely*, 1 *H. & G.*, 405 to 407. *Wall's Executor vs. Wall*,

2 *H. & G.*, 79. *Baldwin vs. Kent*, 3 *Gill*, 241, and 7 *Gill*, 366.

2nd. Under the rules of the Court below, the defendant was not bound to plead until a copy of the plaintiffs' declaration was served on him, and notice to plead thereto, and the pleading, under the rules of Court, must show, by endorsement thereon, that a copy had been served upon defendant. This was the universal practice in the city of Baltimore, as appears from *Evans on Practice*, 109, and the 6th rule of the Superior Court requires the notice before obliging the defendant to plead to the declaration, and in this case would not permit him to plead before declaration and notice. These were all matters within the discretion of the Court, and are not subjects of appeal. See cases cited under 1st point.

3rd. Even if the Court was wrong, (as cannot be shown,) it was competent for it to allow the defendant to plead the statute of limitations. It is true, that it is a plea not in favor, but it is founded upon as clear grounds of justice and public policy as the right of the plaintiffs to sue, and being in, attaches to the plaintiffs' demand, whether it be decided that the Court were right or wrong in requiring the plaintiffs to file a declaration. It was within the sound discretion of the Court to receive or refuse his pleas, and when the defendant, out of abundant caution, offered his pleas, with admission of service of copy upon the plaintiffs' attorney, he was clearly not in default, and when they were refused by the clerk, and such refusal sustained by the Court, he had done all in his power.

4th. The clerk and the Court were perfectly right in refusing defendant's pleas, and in requiring the plaintiffs to file a declaration, and in putting them under "*rule nar.*" The attachment, in theory, is a mere process to compel the appearance of the defendant, and though it has been, ever since the Act of 1715, used as a mode of collecting debts due by non-resident or absconding debtors, the theory of the action has not been changed, and all the incidents of

the process still attach to it. When, therefore, the defend-
ant appears, which he cannot do, except upon giving bond
conditioned to pay the judgment which may be had, he is
then for the first time aware, in contemplation of law, of
the suit, and appears to the *capias*, and the attachment is
dissolved. See *Wilson vs. Starr*, 1 *H. & J.*, 491. *Lamb-
den vs. Bowie*, 2 *Md. Rep.*, 334. And upon the first
principles governing pleading in actions at law, and un-
der the rules of the Court, he is entitled to a copy of
the plaintiffs' declaration, and is not compelled to plead
until he is served therewith, but must do so within
fifteen days after service of copy. It is from service of a
copy of the declaration, and not from the appearance of the
defendant, that the fifteen days commence to run. This is
the reason, and a very sufficient one, why, upon the ap-
pearance of the defendant, the plaintiff is required to file a
new declaration. If he considers the short note sufficient
in form, he may file his declaration in that form, but, in
some form, he must file a declaration, a copy of which has
been served on defendant, who is not bound to notice the
short note filed in commencing the suit, as he had no copy.
This has been uniformly required by the practice of this
State, and is based upon the theory of the action of attach-
ment, and upon the just and universal rule, that a defend-
ant cannot be compelled to plead until, in some way, he
has been served with a copy of his adversary's pleading.
See *Evans' Practice*, 109. *Hinkley on Attachment*, 78.

All the cases in this State, in which it was decided that a
short note was sufficient, were cases in which the garnishees
appeared, and not one can be found in which the defendant
was required to plead without declaration, and the Acts of
Assembly, in requiring either a short note or a declaration,
did not and could not intend to enact that either would be
sufficient in all cases, but to enact that as to the garnishees
the short note was sufficient, because the attachment was in
existence as far as they were concerned. But upon appear-
ance and filing bond by defendant, a declaration pleading

as in ordinary cases, was required, and this because the attachment was dissolved and out of existence, and the defendant appeared to the *capias*, and the pleading must commence *de novo*.   The case in 8 *Wheaton*, which is so confidently relied upon by the appellants, was decided, as is evident, under a mistaken notion of the practice in this State, and is based upon the case of *Smith vs. Gilmor, Garn. of Willink*, 4 *H. & J.*, 177, in which the defendant did not appear, but the garnishee did.

WEISEL, J., delivered the opinion of this Court:

The writ of attachment in this case, was issued from the Superior Court of Baltimore city, on the 8th day of July 1859, accompanied at the same time with a writ of summons against the defendant, the appellee.   A short note was filed with the clerk, setting forth the cause of action, a copy of which was made and sent with the writ, and set up at the court house door, and the writ itself returned *non est*. The attachment was laid in the hands of Robert B. Griffin, as garnishee, who appeared by attorney at the term to which it was returnable, and being placed under rule plea, at the following term, in September 1859, pleaded for the defendant in the attachment, that he never was indebted as alleged, and for himself, that there were not in his hands any goods, chattels or credits of the defendant.   Issue was taken on the first plea, and the general replication filed to the second; and the cause stood in this position until May term 1860, when the defendant in the attachment, Eliphalet H. Merrill, applied by attorney to be admitted to appear to the original action, by his giving bond to dissolve the attachment.   This was granted him, the bond was filed, and the attachment dissolved.   Thereupon the defendant prayed the Court that the plaintiffs might declare against him, and the Court so ruled.   After two continuances, the cause still standing under the rule *nar.* thus laid, the plaintiffs moved the Court to order the clerk to strike out the entry of rule *nar.* which he had made on the docket in this case,

and to pass an order to set aside the effect of said. entry, or of the laying of any rule requiring the plaintiffs to file any other, further or additional declaration in this cause than the short note or declaration which they filed at the institution of this suit, a copy of which had been stuck up at the court house door, according to the course of the attachment law, in such case made and provided. This motion the Court overruled; and thereupon the plaintiffs filed a new declaration in the suit, to which the defendant was laid under rule to plead. Pleas were accordingly filed to it, one of which was the plea of limitations. Issues were joined on all except the plea of limitations, and that, the plaintiffs moved to have struck out, on the ground that it was not filed within the time required by the 6th and the 8th rules of the Court; the short note to be regarded as the declaration in the case, which was filed on the issuing of the writ, and the time limited by the rules for pleading to the same having passed, the garnishee having appeared on the 11th day of July 1859, and pleaded for the defendant on the 13th day of September 1859, that he was not indebted as alleged, &c. But this motion to strike out the plea of limitations was overruled by the Court; and the plaintiffs thereupon filed three replications to said plea, on which issues were joined. The parties proceeded to trial, and the verdict and judgment being for the defendant, the plaintiffs appealed.

Three bills of exception were taken by the plaintiffs at the trial. The first was to the order overruling the motion to strike out the entry of rule *nar.*, requiring the plaintiffs to file a new declaration against the defendant after he dissolved the attachment and appeared to the summons case. And whether the Court below erred in this, is the first subject of inquiry.

By the attachment laws of Maryland, (1715, ch. 40, sec, 1, and 1795, ch. 56, sec. 3,) a declaration or short note, expressing the plaintiffs' cause of action, is required to be filed with the *capias ad respondendum* against the defend-

ant, a copy of which is to be sent with the writ, to be set up at the Court House door by the sheriff. This short note when used, instead of the declaration, has been regarded in practice as a declaration. In all cases where the garnishee has appeared to plead, either for himself or the defendant, it has been decided that no new declaration as to him is necessary. Judge ARCHER, in *Thrasher vs. Everhart*, 3 *G. & J.*, 242, declares, that in our practice, it is substituted in this kind of proceeding for the declaration. And so it was expressly decided in *Smith vs. Gilmor*, 4 *H. & J.*, 186, and recognized in *Barr, Garn., vs. Perry*, 3 *Gill*, 322. See, also, *Boarman vs. Israel, &c.*, 1 *Gill*, 379. And in reference to the garnishee, it must be remembered, that he appears and pleads to the writ, in the attachment, not to the *capias* case; and if no new declaration as to him is necessary, but the short note in the *capias* case can be looked to and used, so as to enable him to plead in behalf of the defendant, to the cause of action, such plea or pleas as the defendant might or could do if taken by the sheriff, it would seem a *fortiori*, that it is sufficient, if it substantially sets forth the cause of action against the defendant himself, when he appears to the *capias* case, and to that and that only, can he appear to plead. *Lamden vs. Bowie*, 2 *Md. Rep.*, 339. It would scarcely be contended, that if a full declaration, instead of a short note, had accompanied the writ, that a new declaration would be required when the defendant appeared to the suit against him. So if the short note be an alternative or substitute for the declaration, it performs all the offices of a full declaration, and no necessity for a new one, as to the defendant, arises. The Supreme Court of the United States, in *Goldsborough vs. Orr*, 8 *Wheat.*, 226, so held in a case in which the defendant himself, appeared, after dissolving the attachment, (as in the present case,) and pleaded to the short note, and that high tribunal expressly pronounced such to be the practice in Maryland, as solemnly sanctioned by the decision in *Smith vs. Gilmor*, already cited. The case in *Wheaton*,

arose upon the Maryland Act of 1795, then in force in the District of Columbia.

We think this ought to be regarded as a distinct adjudication of this question, and that the statement of Mr. Hinkley, in his Treatise on Maryland Attachment Law, p. 79, to the contrary, is unsupported by any known authority in our practice. We are therefore of the opinion, that the Court below, erred in requiring the plaintiffs to file a new nar. after the defendant dissolved the attachment, and appeared to the summons case, and in overruling the motion of the plaintiffs to strike out the rule for that purpose.

The plaintiffs' second exception was to the refusal of the Court below, to strike out the plea of limitations, which was filed to the new declaration. This resolves itself into an inquiry, whether this plea to the short note, was put in in time under the rules of Court; the short note having been thus determined to be the declaration against the defendant in the case.

The 6th rule of the Superior Court of Baltimore city, is: " If a declaration shall have been filed, and a copy thereof served on the defendant with the writ, the clerk shall, immediately after appearance, enter a rule requiring the defendant to plead to said declaration in fifteen days thereafter, and no further notice of said rule will be required. If a copy of the declaration shall not have been served on the defendant with the writ, then, after filing the declaration and the appearance of the defendant, the plaintiffs may enter a rule requiring the defendant to plead in fifteen days after service of notice thereof." And by the 8th rule, the plea of limitations must be formally drawn up, and must be pleaded by the regular rule day, unless the time for pleading shall have been previously extended by the Court.

A copy of the short note was sent with the summons, and set up at the Court House door, and so returned by the sheriff. The design of this is to give notice to the defendant of the cause of action, and of the proceeding against him, that he might be brought in and appear to the action.

*Stone vs. Magruder & Brooke*, 10 *G. & J.*, 386. This notice, then, we regard as equivalent to a service of the copy of a short note or declaration upon him, and the requirement of the 6th rule in this particular, may be considered as gratified, but both branches of the rule require, that after his appearance, a rule to plead must be entered by the clerk, in one case, in fifteen days after appearance, without further notice, and in the other, in fifteen days after service of notice of the rule.

The defendant appeared to the summons case on the 19th day of May 1860, and did not file his plea of limitations until the 2nd day of February 1861, but in the meantime, no rule to plead was laid upon him. The plea of limitations is not a plea to the merits, and cannot be received after the rule day, and a general continuance of a cause does not enlarge the time to file it. *Nelson vs. Bond*, 1 *Gill*, 218. But to apply these well settled principles to it, a day to plead must be assigned under the rules of the Court, and it nowhere appears in the record, that this was done in this case, as to the defendant in the attachment. It does appear, however, that the *garnishee* appeared to the attachment on the 11th day of July 1859, the day of the sheriff's return, and was placed under rule to plead to the short note, which he complied with by pleading, both for himself and the defendant, to the merits, to which pleas the plaintiffs took issue; and this state of facts and pleadings is relied upon by the plaintiffs as a compliance, according to the due course of the attachment law of this State, with the spirit and meaning of the said rules of Court, and sufficient to preclude the plea of limitations by the defendant himself, to the short note in this case. In this view we do not concur, but are of opinion, that, upon his appearance, he had a right to plead for himself, and was not affected by the plea put in by the garnishee, (*Wilson vs. Starr*, 1 *H. & J.*, 491;) and that he should have been subjected, after appearance, to the usual or proper rule to plead, in order to the application of the strict rule which governs the ad-

missibility of the plea of limitations; such rule not having been laid upon the defendant in the attachment, the plea of limitations was put in in time, and the Court below committed no error in overruling the motion to strike it out.

We concur with the Court below in its rejection of the plaintiffs' prayers, other than the first, and in the instruction given by the Court to the jury. That instruction correctly embodied the law applicable to the facts proved and admitted on the trial, on the issues growing out of the plea of limitations. This constituted the plaintiffs' third bill of exceptions.

We affirm the Court below on the 2nd and 3rd exceptions, and dissent from it on the first, but as no benefit accrues to the plaintiffs in this case by this dissent, the cause will not be remanded, but the judgment will be affirmed.

*Judgment affirmed.*