Fink, *et al. vs.* Zepp.

(Decided 8th June, 1892.)

JOSEPH FINK, and others, trading as FINK BROS. & CO. *vs.* JOSIAH ZEPP.

*Statute of Limitations—Removal from County—Concealment—Sec. 4 of Art. 57 of the Code.*

When a person undertakes to collect a claim by filing it in certain insolvency proceedings instituted against the debtor, and the insolvency proceedings having been dismissed, he intervenes in the trust estate of such person, but does not bring suit, and the debtor after remaining in the county of his residence a number of months after the cause of action had accrued, removes away, such removal will not arrest the Statute of Limitations.

Section 4 of Article 57 of the Code, which provides that no debtor absenting himself from the State, or removing from county to county, whereby the creditor may be at an uncertainty of finding out such person or his effects, shall have any benefit of any limitation in the Article contained, does not apply to a case in which there is no element of fraud, nor any concealment of his residence by the debtor.

Fink, *et al. vs.* Zepp.

APPEAL from the Baltimore City Court.

Section 4 of Article 57 of the Code, referred to in the opinion of the Court, provides that "no person absenting himself from this State, or that shall remove from county to county after any debt contracted, whereby the creditor may be at an uncertainty of finding out such person or his effects, shall have any benefit of any limitation herein contained." The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and BRISCOE, J.

*J. Austin Fink,* for the appellants.

*George Blakistone,* and *T. Wallis Blakistone,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an action of *assumpsit* brought by the appellants against the appellee for goods sold and delivered.

The *narr.* contains only the common counts, and the defendant pleaded the general issue and limitations. Issue was joined on the general issue pleas, and the plaintiffs replied to the plea of limitations, that the defendant removed and secreted himself out of the county where he resided, to a county unknown to the plaintiffs, so as to escape liability at law; not leaving effects sufficient and known for the payment of said debt, &c., &c. To this replication the defendant rejoined that he did not remove, &c., but on the contrary he remained in the county where he resided, for a number of months after the cause of action accrued, when he removed to the City of Baltimore for his convenience, where he has since openly resided. And that, before leaving Carroll County, he made a deed of trust of all his property for the bene-

fit of his creditors. Issue was joined upon this rejoinder, and the case was tried before the Court without a jury.

After the testimony on the part of the plaintiffs was concluded the Court below ruled that there was no evidence in the case legally sufficient to remove the bar of the Statute of Limitations, and that under the pleadings the plaintiffs were not entitled to recover; and refused the following prayer offered by the plaintiffs: "That if the Court find that said defendant was indebted to the plaintiffs, and while the plaintiffs were using reasonable care to collect their claim, the said defendant left the county where he resided, and did not leave effects sufficient and known to cover said indebtedness, with the result that the plaintiffs could not secure service of process on said defendant, and that the plaintiffs have since used reasonable care to collect said debt, then their verdict must be for the plaintiffs." The verdict being for the defendant, the plaintiffs have appealed; and the only question presented is, whether their claim, under the evidence disclosed by the record, is barred by the Statute of Limitations.

It appears the appellee, Josiah Zepp, in the early part of 1885 resided in Westminster, Maryland, and that at that time the appellants sent the claim here sued on to Charles E. Fink, an attorney at law of that place for collection. On the 17th February, 1885, the appellee made a deed of assignment for the benefit of his creditors; that during the same year, said attorney filed the claim in question in certain insolvency proceedings against the appellee, which had been instituted in Carroll County; and that said insolvent proceedings having been dismissed, he intervened in the matter of the trust estate of said appellee for the purpose of collecting said claim; that the appellee resided in Westminster, in said county, when the various proceedings above mentioned were begun, and that he was summoned in them; that

Fink, *et al. vs.* Zepp.

the attorney of the appellants to whom their claim had been sent for collection, had seen the appellee from time to time, but had not sued him. It also appears that after having the claim in his hands for about two years, and after having failed to collect it, notwithstanding his efforts so to do in the proceedings instituted in Carroll County, the appellants' attorney, not having been able to find the appellee in said county, returned the claim to his clients. Whereupon efforts were made by the appellants to find the appellee, which were not successful, until immediately before the bringing of this suit in May, 1891, when he was found in the City of Baltimore.

Upon these facts we think it is clear the ruling of the Court below is correct. In February, 1885, when the appellants' account was due the appellee was in this State, and there was no difficulty in reaching him with the ordinary process of the Court. He was in fact summoned twice in the proceedings had in Carroll County. The Statute, therefore, began to run when suit could have been brought—that is to say in February, 1885. The claim, however, was not put in suit; the appellants contenting themselves for the space of a year in making efforts to collect their debt in the manner already adverted to. And the Statute having commenced to run "no subsequent disability will arrest it, unless otherwise provided by a plain and unambiguous statutory exception." *Maurice vs. Worden,* 52 *Md.,* 295, *and cases cited.*

The appellants think they have found such a statutory exception in the provisions of section 4, of Article 57, of the Code, and rely upon it to maintain the proposition of law contained in their prayer. But in order to dispose of this contention it is only necessary to quote the language used by this Court in the case of *Maurice vs. Worden, ante,* as follows:

"The recital by way of preamble to the section in the original law (Act of 1715, ch. 23) shows that it was

passed to meet the cases of persons who absented themselves from the province, or wandered from county to county for the purpose of availing themselves of the time limited by law.   After the debt was contracted, or the cause of action arose, they so moved from place to place or left the province to conceal from the creditors their place of abode; and no reasonable time was allowed him in which to bring his action.   It was to remedy this evil that sections 4 and 5 of the Act of 1715 were adopted, and in that sense they must now be understood as they are codified in section 4 of Article 57 of the Code.''

It is clear, therefore, that section four has no application to a case like this, in which there is no element of fraud nor any concealment of his residence by the appellee.

It follows also that there is no evidence in the case legally sufficient to remove the bar of the Statute of Limitations, and the judgment appealed from will be affirmed.

*Judgment affirmed.*

(Decided 8th June, 1892.)