CHAUNCEY BROOKS *vs.* JAMES H. PRESTON, Admr. OF THE ESTATE OF HENRY J. CONWAY.

*Plea of Limitation to Scire Facias to Revive Judgment—Running of Limitations Not Suspended by Death of Judgment Creditor—Acknowledgment of Judgment Debt Does Not Remove Bar of Statute.*

A plea of limitations to a *scire facias* to revive a judgment is sufficient in form when it alleges that "the judgment in this action was recovered more than twelve years before the issuing of the *scire facias* thereon in this action."

The Statute of Limitations begins to run against the right to revive a judgment by *scire facias* from the date of the judgment, and is not suspended by the death of the judgment creditor and the failure to obtain administration upon his estate.

Two years after the rendition of a judgment, the judgment creditor died and no administration on his estate was granted until eleven years afterwards, when the administrator was substituted as plaintiff and issued a writ of *scire facias* to revive the judgment. The defendant pleaded limitations. *Held,* that the operation of the Statute of Limitations was not suspended between the time of the death of the judgment creditor and the granting of administration on his estate, and that the plea of limitations is a bar to a *scire facias*, under Code, Art. 57, sec. 3, which provides that no judgment shall be good or admitted in evidence, after it is above twelve years standing.

An acknowledgment of a debt due on a judgment does not remove the bar of limitations against the judgment.

*Decided December 3rd, 1907.*

Appeal from the Baltimore City Court (PHELPS, J.)

The cause was argued before BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*Jos. R. Gunther* (with whom was *P. E. Tome* on the brief), for the appellant.

The appellee's demurrer to the appellant's plea of limitations was properly overruled. The form of the plea is substantially that provided by Code Public Law (1904), Article 75,

section 24, sub-section 50.　A plain statement of such facts as may be necessary to form the defense is all that is required. *Wallace* v. *Schaub*, 81 Md. 597.

But the judgment on the appellee's demurrer should have been final and not *"with leave to reply."* The plea of the statute was an absolute bar to any recovery.　2 *Poe Pl. and Pr.* (3d. ed.) secs. 590, 594 and 606;　*Jones* v. *George*, 80 Md. 298; *Church* v. *Miller*, 99 Md. 26.

The appellee's replication to the appellant's plea of limitations was fatally bad.　The judgment could not be revived by *sci. fa.* after the expiration of twelve years from its date. *Mullikin* v. *Duvall*, 7 G. and J. 355; *Kirkland* v. *Krebs*, 34 Md. 93; *Johnson* v. *Hines*, 61 Md. 127.　It was above thirteen years' standing when the writ of *sci. fa.* was sued out.　The effect of the Statute of Limitations was attempted to be avoided by the appellee alleging the death of Conway within twelve years and deducting from the whole period which expired between the date of the judgment and the issuing of the writ, the period between the date of the death of Conway and the granting of administration on his estate.　The statute began to run on the date the judgment was recovered.　*Mullikin* v. *Duvall*, *supra*; *Johnson* v. *Hines*, *supra*; *Johnson* v. *Foran*, 59 Md. 462.　And the operation of the statute was not arrested by the subsequent death of Conway.　*Mann* v. *McDonald, admr.*; 22 Wash. (D. C.) L. R. 98; *Stewart, admr.*, v. *Spedden*, 5 Md. 448; *Lurman* v. *Hubner*, 75 Md. 272; *Fink* v. *Zepp*, 76 Md. 185; 19 *A. and E. Ency. of Law* (2d. ed.) 222.

Nor was the alleged new promise sufficient to remove the bar of the statute.　*Carroll* v. *Waring*, 3 G. & J. 504; *Mullikin* v. *Duvall*, *supra*; *Leonard* v. *Hughlett*, 41 Md. 388; *Church* v. *Miller*, 99 Md. 23.

In *Mann* v. *McDonald, admr.*, *supra*, which were actions to revive a judgment by *sci. fa.* and of debt on judgment, CHIEF JUDGE ALVEY, after holding that our Statute of Limitations (Act 1715, ch. 23, Code P. G. L. 1904, Art. 57, sec. 3), was applicable to the District of Columbia, said: "Unlike the construction that has been placed upon the terms of the statute

employed in the second section, in regard to simple contract debts, the construction uniformly placed on the terms employed in the sixth section in regard to *judgments*, recognizances and specialties of various kinds owing to the peculiar nature of the language employed in this latter section, has been different and unyielding to circumstances that would remove the bar of the statute as applied to simple contract debts; hence it has been uniformly held that a *new acknowledgment of the debt due on judgment or even an express promise to pay same*, will not arrest the running of the statute, or remove the bar, as against the judgment or specialty mentioned in the Act.    *    *    *"

The third point raised by the appellee's replication to the appellant's plea of limitation, we presume, was intended to raise the same question urged by the appellee at the hearing on his demurrer to said plea, which alleges "that the judgment *in this action* was recovered more than twelve years before the issuing of the *sci. fa.* thereon in this action."

It was insisted by the appellee at the hearing on his demurrer that there was no "judgment in this action," and that, therefore, said plea was bad.

There was a judgment "in this action" as alleged in said plea.   The judgment is mentioned in the appellee's order to the Clerk to issue the *sci. fa.* thereon and is also described in the writ:   "A *scire facias* to revive a judgment is, as to the judgment debtor and his heirs or personal representatives, a *continuation* of a former proceeding.   *Bish* v. *Williar*, 59 Md. 372;  1 *Black on Judg.*, sec. 482A.

The appellant's first exception was to the Court's admitting the judgment in evidence.   It was not admissible.   *Code P. G. L.* (*1904*), Art. 57, sec. 3, and cases cited *supra*.

The plaintiff's second and third exceptions were to testimony of James M. Blackburn tending to prove a new promise by the appellant to pay the judgment and the refusal of the Court to strike out such testimony.   The bar of the statute would not be removed by such testimony and it was not admissible.   It is incontrovertibly established than not even an

*express acknowledgment* of the debt will revive the remedy upon a judgment when barred by the operation of the statute. *Leonard* v. *Hughlett*, 41 Md. 380, and cases cited *supra.*

*S. S. Field,* for the appellee.

There were several exceptions to the evidence and to the rulings of the Court on the prayers; all however involving the same questions raised by the demurrers, which are:

(1) Is the plea of limitations filed in this case good?

(2) If so, is the replication thereto good?

1. To the *scire facias* the defendant pleaded: "For first plea, that the *judgment in this action was recovered* more than twelve years before the issuing of the *sci. fa.* theron in this action."

This plea was filed November 20th, 1905.

There was no judgment "in this action" until April 20th, 1907.

*This action* had just begun by the issuance of the *sci. fa.* when the plea was filed.

"This action" is a new action, just as much as an action of debt on a judgment, *"the writ itself being in the nature of a declaration, and the judgment thereon being a new judgment, &c.* 2 *Poe Pl. & Pr.,* sec. 585.

In *Mullikin* v. *Duvall,* 7 G. & J. 360, the Court said: "For it seems to be settled, that the judgment obtained upon the *scire facias,* is to be considered a *new judgment,* and has all the attributes of the original upon which the *scire facias* was founded." *Weaver* v. *Boggs,* 38 Md. 264.

We may suppose the pleader meant that the *original judgment,* upon which the *sci. fa.* was issued, was recovered more than twelve years before the *sci. fa.* was issued; but the plea does not say so.

The Court could not allow him to amend his plea, so as to say what he meant (Code, Art. 75, sec. 43); and as the plea of limitations cannot be amended, the Court should not, in effect, amend it, by reading into it, something that is not there. Especially as this plea is "not regarded with favor." 2 *Poe, Pl. & Pr.,* sec. 186.

An illustration of the strictness required in pleas of limita-
tions is furnished by the case of *Beanes* v. *Hamilton*, 3 Gill
275, where the plea was held bad on demurrer, because, in its
recital of the recovery of the judgment it left, the date blank,
as follows: "that the judgment aforesaid, on the writ of *scire
facias* aforesaid mentioned, was had and recovered against him,
the said defendant, on the ———— day of ———— &c."

*State* v. *Green*, 4 G. & J. 385, is another illustration.    The
suit was upon a guardian's bond.    At that time, the limitation
was "twelve years after the *passing of said bond.*"    The plea
was "That the debt in the condition of the writing obligatory
aforesaid mentioned, *hath been standing and in action* above
twelve years."    The Court said: "Now by inspection of the
bond set out in the plea, it will be seen that there is no debt
mentioned in its *condition.*"    (The debt was mentioned, of
course, *before* the condition).    The plea therefore is *utterly de-
fective and inapplicable to such a bond.*

The Court held that the plea should have alleged "that
twelve years have elapsed from the *passing of the bond.*"

The Court might have said that to allege that the debt in
the bond had been standing twelve years was equivalent to
alleging that the bond had been passed twelve years (or more);
but the Court did not say so; so here, the Court ought not to
mentally amend the plea by saying that by the expression "judg-
ment in *this* action," the pleader meant, judgment in the orig-
inal action on which the *sci. fa.* was issued.

When the Code was adopted, the language of this statute
was changed, so as to require the very language held bad in
the case just quoted, viz: that "the debt or thing in action was
above twelve years' standing."    *Byrd* v. *State*, 44 Md. 501.

And the present Code, with regard to bonds and judgments
uses the same expression, viz: "the debt or thing in action is
above twelve years' standing."

The limitation to a *sci. fa.* on a judgment, and to an action
on a bond are identical.    In the same section and same sen-
tence judgments and bonds are classed together, and to both
alike is applied the single limitation when "the debt or thing

in action is above twelve years standing." Code 1904, Art. 57, sec. 3.

The expression, "twelve years standing," does not mean, twelve years since the *date of the bond, or judgment*, but twelve years from the time there was a right to sue on the bond, or issue execution on the judgment.

If the bond was one with condition, the expression twelve years standing, means twelve years from the time of condition broken. *Byrd* v. *State*, 44 Md. 501.

If there was a stay of execution on the judgment, twelve years standing meant twelve years from the expiration of the stay of execution. *Mitchell* v. *Chestnut*, 31 Md. 525.

The expression debt or thing in action is above *twelve years standing* used in Art. 57, sec. 3, means the same as the expression within three years from the time *the cause of action accrued*, used in Art. 57, sec. 1.

Hence the Code gives but one form of a plea, applicable alike to a suit on a note, a suit on a bond, or a suit or *sci. fa.* on a judgment, viz: "That the alleged cause of action did not accrue within ――― years before this suit." Code, Art. 75, sec. 50.

And this is the only form given in Poe's Pleading or Carey's Form. 1 *Poe Pl. and Pr.*, sec. 618, 620; *Carey's Forms* No. 292.

-. The plea in this case, therefore, should have been in the form given by the Code.

That the alleged cause of action in the *sci. fa.* mentioned did not accrue within twelve years before the suing out of said *sci. fa.* or in the words of the Statute of Limitations, that the *judgment in the sci. fa. mentioned* was of above twelve years standing before the suing out of said *sci. fa.* thereon.

Inasmuch as a plea that a note was *given* more than three years before suit thereon; or a plea that a bond was given more than twelve years before suit thereon; would be bad; so a plea that a judgment *was recovered* more than twelve years before the issuance of the *sci. fa*, thereon is bad. *Murdock* v. *Winter*, 1 H. & G. 473; *Gemmel* v. *Davis*, 71 Md. 461; *Byrd* v. *State*, 44 Md. 501.

The plea of limitations therefore is bad:

(1) Because it is inappropriately worded, being directed *not to the original judgment* upon which the *sci. fa.* was issued, but to the "*judgment in this action,*" which, at that time, had not been rendered.

(2) Because it ought to have averred that the right to sue out the *sci. fa.*—the cause of the action—did not accrue within twelve years before the suing out of the *sci. fa.* or averments to that effect.

The plea of limitations being bad, the judgment was properly revived; even though its revival might have been prevented by a proper plea of limitations reasonably interposed. 2 *Poe Pl. and Pr.*, sec. 590; *Jones* v. *George*, 80 Md. 298.

In *Beanes* v. *Hamilton*, 3 Gill 275, the original judgment was recovered in April, 1828, and the *sci. fa.* was not issued until October, 1842; there was a plea of limitations and a demurrer thereto; the demurrer was sustained, and a judgment rendered reviving a judgment more than fourteen years old.

2. The first replication is founded upon the principle that in order for laches or ilmitations to run against a claim or right, there must be somebody *in existence* entitled to that claim or right *against whom* the limitations or laches may run. *Kirkland* v. *Krebs*, 34 Md. 97.

The defendant relies upon decisions to the effect that where the Statute has once begun to run, it will continue notwithstanding supervening *disabilities*; as in ejectment, where the Statute begins to run against the owner and he dies and his title descends to a minor heir, or in the case of a debt, where after the statute began to run the creditor married or became under some other disability recognized by the statute but in all these cases there was a person in existence entitled to the claim and against whom the statute would have run but for the saving clause of the statute itself in favor of certain disabilities; and these decisions are all mere constructions of the saving clause of the Statute of Limitations, holding that it does not apply to a case where a *disability* arises after the statute once began to run. But there is a difference between

the person entitled to a claim being under a disability recognized by the Statute of Limitations and there being *no person in existence* entitled to the claim or right. A person under disability could sue, though in cases within the exception, *excused* from suing, but where there is *no person in existence* entitled to sue, no suit would be possible. The law does not require impossibilities.

As said by this Court in *Kirkland* v. *Krebs*, no laches or fault can be imputed to anyone *during the time when there is no one in existence who could take action.*

In this case the proof shows that the judgment creditor, Conway, died in 1894 and that no one was appointed administrator of his estate until 1905. During that eleven years there was no one in existence entitled to sue out a scire facias on the judgment, and there being no one in existence against whom the statute could run the operation of the statute was suspended during that time, just precisely as it would have been if the Legislature had passed a law in 1894 providing that the right to issue *scire facias* on a judgment should be suspended for eleven years, in which case, of course, the operation of limitations would have been suspended for eleven years, even though it had begun to run. *Kirkland* v. *Krebs*, 34 Md., 97, and cases there cited; *Smith* v. *Dennis*, 33 Md. 442, 451.

The plaintiffs second replication is founded upon the Act of 1904, Chapter 414, by which there was added to Code Article 57, Section 3, which provides the limitation as to judgments and other specialties, the following proviso: "Provided, however, that every payment of interest upon any single bill or other specialty shall suspend the operation of this section as to such bill or specialty for three years after the date of such payment."

Thus has the Legislature provided that an *implied* promise and acknowledgement to be inferred from a payment may be set up by way of replication to an action on a specialty, and therefore an *express* promise to pay can be so replied. The greater includes the less.

Prior to this amendment it was the law that neither the payment of the interest nor an express acknowledgment or promise would suspend the operation of the statute or revive the right of action on the specialty, but if there was an express promise the action must be brought upon the express promise and the specialty given in evidence as a consideration thereof. *St. Mark Church* v. *Miller*, 99 Md., 26.

But as this ruling was based on old decisions, rather than any practical reason and often resulted in two suits to decide what could have been decided in one, the Legislature shortly after the above decision, changed the law on this point.

In this case the plaintiff proved a clear and explicit acknowledgment and promise, made in October, 1905.

The jury found that the new promise was made and it is confidently asserted that not even the defendant thinks that any other jury would find differently, even though he were to succeed in his contention in this case. All he hopes to accomplish by this appeal is to drive the plaintiff to another action directly upon the express promise, and thereby put the costs of this case on the plaintiff.

There is really no question about the debt being due· There was indeed no evidence offered of payment, though the question was allowed to the jury and was passed on by them, and certainly it is submitted, that the ends of justice would not be subserved by compelling the plaintiff to resort to another action on the express promise.

If a narrow "*stick in the bark*" construction is to be placed upon this Act of 1904, it might be held that it does not include an express acknowledgement and promise, but we submit that this a remedial statute which ought to be construed liberally to effect the spirit of the statute and the evils that it is intended to remedy.

Certainly when the Legislature provided that an implied promise might be replied to an action on a specialty, they did not intend to exclude an express promise and drive the plaintiff to another action thereon.

"What is within the intention of the makers of a statute, is

within the statute, though not within the letter." *Mayor* v. *Root*, 8 Md., 105.

"If the obvious purpose of an enactment is beyond the literal meaning of the language employed, it will not be restricted in its scope and application by the narrow significance of its words." *Roland Park Co.* v. *State*, 80 Md., 451.

If appellee is right in *either* of the above contentions; if the *plea* of limitations is bad; or, if either replication thereto is good, then there has been no error prejudicial to the defendant and the judgment should be affirmed. *Alvey* v. *Hartwig*, ante p. 254.

ROGERS, J., delivered the opinion of the Court.

The facts in this case are as follows. On March 30th, 1892, a certain Henry J. Conway recovered judgment in the Baltimore City Court against Chauncey Brooks the appellant in this Court, for $208.13, with interest and costs. Conway died in 1894. On November 4th, 1905, letters of administration were granted to the appellee by the Orphans' Court of Baltimore City on the estate of Conway. On November 6th, 1905, the appellee by petition filed in the case in which judgment was recovered, suggested the death of Conway, and his appointment as administrator, and was substituted as plaintiff in the place of Conway.

On November 8th, 1905, the appellee caused the writ of *scire facias* to revive said judgment to be issued out of said Court, which was made known to the appellant. To said writ the appellant pleaded, first, limitations, and second, payment. The appellee demurred to the plea of limitations and replied to the plea of payment, denying that the appellant had discharged the judgment by payment. Issue was joined on the demurrer and on the replication to the second plea.

The Court overruled the appellee's demurrer, with leave to reply, and he replied, (1), that the operation of the Statute of Limitations was suspended between the time of Conway's death and the granting of administration on his estate, and that consequently said judgment was not above twelve years, stand-

ing at the time of the suing out of said writ; (2) a new prom-
ise within three years before the suing out of said writ, and (3)
that no judgment has been yet recovered in this action.   The
appellant demurred to this replication, but the Court overruled
his demurrer, with leave to rejoin, and he rejoined to the ap-
pellee's replication that, (1) the operation of the statute was
not suspended between the time of Conway's death and the
granting of administration on his estate, (2) the appellant did
not make the new promise alleged, and (3) the judgment re-
ferred to in his replication is the judgment upon which said
writ issued.   The appellee surrejoined to the appellant's first
rejoinder, that the statute was suspended during said period,
and joined issue on his second and third rejoinders.   The ap-
pellant joined issue on the appellee's surrejoinder to the appel-
lant's first rejoinder.   The case was tried and resulted in a
verdict and judgment for the appellee, from which this appeal
was taken.

Four exceptions were taken during the trial by the appel-
lant, three to the rulings of the Court on the evidence and the
fourth to its rulings on the prayers and these are the questions
presented by said exceptions, together with the Court's action
on the demurrers, that are to be determined by this Court.

The first question to be determined is, when, from an ex-
amination of the record, the first error in pleading has occurred.
We have seen that the plea of limitations was interposed by the
appellant.   To this the appellee demurred.   What is the lan-
guage of this plea?   It is in these words: "For first plea, that
the judgment in this action was recovered more than twelve
years before the issuing of the *sci. fa.* thereon in this action."
Is this a good plea?   The Code, Art. 75, sec. 24, sub-section
50, gives this form: "That the alleged cause of action did not
accrue within ——— years before this suit."   We think this
a substantial compliance with the law.   If the judgment was
recovered more than twelve years before the issuing of the *sci.
fa.* necessarily the right of action in legal contemplation had
accrued more than twelve years before the issuing of the *sci.
fa.* and the statutory defense had been availed of which was

open to the appellant. But the appellee contends that the use of the words "in this action" are irregular and meaningless, because this was a new action, and when the plea was filed no judgment had been obtained. Now a *scire facias* is a writ grounded on some record remaining in the Court from which it is issued, and although it is a judicial writ of execution, yet it so far partakes of the nature of an original writ, that the defendant is entitled to plead to it. *Poe's Pl. & Pr.*, 3 ed., sec. 585. JUDGE IRVING in *Bish* v. *Williar*, 59 Md. 384, uses this language: "A *scire facias* to revive a judgment is, as to the judgment debtor and his heirs or personal representatives, a continuation of a former proceeding."

A *sci. fa.* is usually deemed a judicial and not an original writ. 19 *Ency. Pl. & Pr.*, 262. With one or two exceptions * * * proceedings by *sci. fa.* are according to the weight of authority considered to be a continuation of former proceedings, and not an original action. 19 *Ency. Pl. & Pr.*, 263.

Although * * * a writ of *scire facias* is a judicial process, yet it so far partakes of the nature of an original action that the defendant may appear and plead thereto, and is to that extent considered an action. 19 *Ency. Pl. & Pr.*, 264.

JUDGE BARTOL in *Bridges* v. *Adams*, 32 Md. 580, uses this language; "But a *scire facias* is not an original writ within the meaning of the Act of 1864, ch. 6, sec. 2." A writ of *scire facias* as known to the common law is founded upon some matter of record, as for instance, judgments, recognizance, letters patent, &c. Its object is either to obtain execution of the matter of record upon which it is based, or to vacate or set it aside.

The plea of limitation is not a plea to the merits, and being so regarded must be received with strictness; *Nelson* v. *Bond*, 1 Gill 221, yet it need not be set out in the words of the statute; a plain statement of such facts as may be necessary to form the defence being all that is required. *Gott* v. *State*, 44 Md. 336.

The record shows that a judgment was recovered against the appellant on March 30th, 1892, and that a *sci. fa.* was is-

sued in that case on November 8th, 1905. Now the limitation to judgments is twelve years and the appellant says that the judgment in this case was recovered more than twelve years before the issuing of the *sci. fa.* thereon in this action. Now if this is as we have shown the same action, and of its so being we can have no doubt, and the plea sets up the statutory bar to the *sci. fa.*, what doubt can there exist as to what judgment the appellant was interposing his plea of limitation. There was no other judgment against this appellant at the suit of the appellee, and from the record we are driven to the conclusion that the plea is good, and that the learned Judge below was incorrect in his rulings.

But the appellee having obtained leave of the Court to reply, filed the following replication: "That more than eight years elapsed between the death of said Henry J. Conway and the appointment of an administrator of his estate, and that excluding said time between the death of said Henry J. Conway and the appointment of an administrator upon his estate, the original judgment, upon which the *sci. fa.* in this case was sued out, was not above twelve years, standing at the impetration of said writ." To this replication the appellant demurred but the learned Court overruled his demurrer and called upon him to plead. In this ruling we think the learned Judge erred.

This Court in *Stewart* v. *Spedden*, 5 Md. 448, through Judge Tuck uses this language touching a similar proposition: "If it was designed to raise the proposition, that the statute does not run while there are no letters of administration on a deceased's estate, without reference to the time of the accrual of the cause of action, it was clearly wrong, because the operation of the statute cannot be suspended by the death of a party, against whom it has started in his lifetime." In this case judgment was obtained March 30th, 1892, and Henry J. Conway died in 1894, and *sci. fa.* was not issued until November 8th, 1905. *Mulliken* v. *Duvall*, 7 G. & J. 355; *Fink* v. *Zepp*, 76 Md. 185; *Maurice* v. *Worden*, 52 Md. 295.

By the appellee's second replication he alleges "That within

three years before the suing out of the *scire facias* in this case, the defendant acknowledged the debt evidenced by the original judgment, upon which the said writ was issued, and promised to pay the same." Now was the alleged new promise sufficient to remove the bar of the statute and enable the appellee to maintain this form of action? In *Mann* v. *McDonald, admr.*, 22 Wash. (D. C.), L. R. 98, which was an action to revive a judgment by *sci. fa.* and of debt on a judgment, CHIEF JUDGE ALVEY, after holding that our Statute of Limitations (Act 1715, ch. 23, Code P. G. L. 1904, Art. 57, sec. 3) was applicable to the District of Columbia, said: "Unlike the construction that has been placed upon the terms of the statute employed by the second section, in regard to simple contract debts, the construction uniformly placed on the terms employed in the sixth section in regard to judgments, recognizances and specialties of various kinds, owing to the peculiar nature of the language employed in the latter section, has been different and unyielding to circumstances that would remove the bar of the statute as applied to simple contract debts; hence it has been uniformly held that a new acknowledgment of the debt due on judgment or even an express promise to .pay same, will not arrest the running of the statute, or remove the bar, as against the judgment or specialty mentioned in the Act." And this Court by JUDGE ALVEY declares that "Nothing .less than an *express promise* to pay the amount due thereon, made after the statute has become a bar to the remedy on the bond itself will suffice to maintain an action of *assumpsit* to recover the amount due."

In such case the bond, although the remedy thereon be barred by the statute, may be given in evidence, as the inducement to, or explanatory of, and as furnishing the legal basis of the express promise to pay the amount remaining due on the bond." *Leonard, admr.*, v. *Hughlets*, 41 Md. 380; *St. Mark's Church* v. *Miller*, 99 Md. 26.

It follows therefore from what we have said that the judgment in this case must be reversed.

> *Judgment reversed without a new trial. Appellee to pay the costs above and below.*