(Decided 25th March, 1879.)

Thomas Wright, Executor of William Wright, deceased *vs.* R. Ellen Gilbert, Executrix of Stephen Gilbert, deceased.

*Pleading and Practice—Suit by Executors of a Foreign Decedent before Proving and Recording the Will and taking out Letters in Maryland under the Code, Art. 93, sec. 327—Amendments under the Code, Art. 75, secs. 23, 26, 29—Ancillary Administration in Maryland where the Domicile of the Decedent is in another State—Defective Count in a Declaration in Assumpsit—Incompetent Witness on the ground of Interest at Common Law—Incompetent Witness under the Act of 1868, ch. 116—Suit on a Parol Promise to pay balance due on an Outlawed Single Bill—Necessary Parties to such a Suit—Construction of the Act of 1868, ch. 116—Variance—Parol Evidence not admissible to show that an Executor had ceased to act as such.*

T. W. and W. W. executors of the will of W. W. of Pennsylvania, deceased, by virtue of letters testamentary granted by a probate Court of that State, instituted suit in Maryland to recover a balance due on a single bill against a citizen of this State. After several terms, leave was granted plaintiffs to amend titling, writ and *narr.*, and a declaration was then filed in the name of "T. W., administrator of W. W., deceased." This declaration was again amended

from debt to *assumpsit*, letters of administration were after this granted to T. W. on the estate of W. W. in Maryland, and he was then allowed to amend the declaration, and he filed an amended declaration in the same words as the last, except that the plaintiff declared as " executor of the last will of W. W., deceased." HELD:

1st. That for T. W. and W. W. as executors of W. W., deceased, to maintain a suit in Maryland, upon a cause of action belonging to their testator, it was necessary, that the will of W. W., deceased, should be proved and recorded in this State, as provided by the Code, Art. 93, sec. 327, and that letters thereon should be granted in this State; and that by that proceeding, the right to institute suit would devolve upon the party obtaining letters in Maryland.

2nd. That by an amendment in the original cause, under the provisions of the Code, Art. 75, secs. 23, 26, 29, T. W. could not be made sole plaintiff in the new character and capacity of administrator by virtue of letters granted in Maryland.

Where the decedent resided in another State and died testate there, an administration in Maryland is merely ancillary to the original administration in the place of the domicile of the testator, and any assets collected by the administrator in this State, would be payable to the executors in the other State, and applicable to the payment of the expenses of administration there, and to the payment of debts and legacies, there being no proof that the testator owed any debts in Maryland.

A count in a declaration in *assumpsit*, which alleged a promise by the defendant's testator in his life-time, to pay the plaintiff, $500, but stated no consideration for the promise, is insufficient, and sets out no legal cause of action.

W. W. the son and an executor of W. W., deceased, because of interest was not a competent witness, (apart from the Evidence Acts,) to prove that within three years before a suit was instituted by the said W. W. and T. W., executors of said W. W., deceased, against the executor of the maker of a single bill, the defendant's testator acknowledged the amount due on the single bill as a debt, and promised to pay the same to the said W. W. and his co-executor T. W.   W. W. having been an original party to the contract or cause of action and the defendant's testator, the other party thereto, being dead, under the Act of 1868, ch. 116, W. W. was incompetent to prove the contract and his testimony for that purpose was inadmissible, the contract sued on, being the alleged parol promise of the defendant's testator, made more than twelve

years-after the maturity of the single bill, (on which single bill all right of action was barred,) to W. W. and T. W. jointly, as executors of W. W., deceased. On this contract it was not competent for T. W. to sue alone, W. W. the other person to whom the promise was made, being a necessary party to the suit.

An express parol promise made to pay the money due on a single bill outlawed by the Statute of Limitations, will support an action of *assumpsit,* the single bill being admissible in evidence to show the consideration to support the promise.

The Act of 1868, ch. 116, in speaking of " an original party to a contract or cause of action," means the contract or cause of action in issue and on trial.

Where the declaration alleged a promise made by defendant's testator to the plaintiff T. W., executor of W. W., deceased, to pay him, and the proof offered was that the promise was made to T. W. and W. W. executors of W. W., deceased, to pay them. HELD:

That this proof did not support the allegation in the declaration, and was properly excluded.

The said W. W. could not be heard to testify, that he was not an executor of W. W., deceased, at the time the suit was instituted, in the face of his own acts and declarations of record in the cause; nor could it be proved by parol that he was not an executor at the time he gave his testimony. Having been duly appointed and qualified to act in that capacity, and having assumed the trust, the revocation of his powers and his discharge from the trust could not be proved by parol, but should be evidenced by the proceedings of record in the proper Court.

APPEAL from the Circuit Court for Cecil County.

The case is stated in the opinion of the Court.

*Exceptions.*—At the trial the plaintiff offered the following prayers:

1. If the jury believe that the defendant's testator was indebted in his life-time to the plaintiff's testator, in the manner stated in the plaintiff's third count, and shall also believe that the plaintiff was appointed executor of said William Wright, deceased, and after the death of the said

William Wright, and more than twelve years after the bill obligatory had been standing and in action, and more than twelve years after a cause of action thereon had accrued to the said William Wright, the defendant's testator promised to pay to the plaintiff, or to the person or persons holding the character of executors of said William Wright, the sum of money mentioned in the certain writing obligatory specified in the third count of plaintiff's declaration, and shall also believe that the said defendant's testator did not pay the same, and that the defendant has not paid the same since his death, that then the plaintiff is entitled to recover.

2. If the jury believe from the evidence that in his lifetime the defendant's testator was indebted to William Wright, deceased, as stated in the third count of the plaintiff's declaration, and that after the death of the said William Wright, and more than twelve years after the cause of action on the said indebtedness first accrued to the said William Wright, acknowledged without qualification that he was indebted to the estate of said William Wright, then deceased, and to his executors, in the amount of money, with interest, due on the writing obligatory, which has been offered in evidence, and that at the time of such acknowledgment the plaintiff was executor of said William Wright, duly qualified and commissioned, that then the plaintiff is entitled to recover, unless the jury shall believe that the said defendant's testator paid the same, or that the defendant, as his executrix, has paid the same since his death.

And the defendant offered the following prayers:

1. That if the jury find that the note mentioned in plaintiff's declaration was of more than twelve years' standing, and that more than twelve years, after the same became due and payable, had elapsed before the institution of this suit, that then the plaintiff is not entitled to recover, unless the jury further find that the said Stephen

Gilbert made a new promise to pay the money to plaintiff within three years before the commencement of this suit.

2. That there is no evidence in this cause sufficient and competent to prove that the defendant's testator, Stephen Gilbert, promised, after the death of plaintiff's testator, to pay to plaintiff the money for which this suit was instituted, or any part of it.

The Court (STUMP, J.,) rejected the plaintiff's prayers, and granted the defendant's prayers.

The plaintiff excepted, and the verdict and judgment being for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J., for the appellee, and submitted for the appellant.

*Albert Constable* and *N. J. Biddle,* for the appellant.

*Henry B. Wirt,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

William Wright, a citizen of Pennsylvania, held the single bill of Stephen Gilbert and William L. Gilbert, citizens of Maryland, for $100, dated December 9th, 1857, payable one year after date, with interest from date.

Endorsed upon the single bill are several credits, amounting in the aggregate to $60, the last one of which is dated February 11, 1867.

William Wright died in 1870, leaving a last will and testament, whereby he appointed his sons, *Wilson Wright* and *Thomas Wright,* executors, who assumed the trust, and entered upon the discharge of their duties as executors, under letters granted to them by the proper Court of Pennsylvania.

At the September Term of the Circuit Court for Cecil County, *Thomas Wright* and *Wilson Wright,* as executors,

instituted an action of debt on the single bill against Stephen Gilbert and William L. Gilbert, the latter was returned *"non est,"* and the suit went on against Stephen, and was continued from term to term, till at September Term, 1876, issues being joined, a trial was begun. Before it was ended, a juror was withdrawn by leave of the Court and the cause continued. On the 18th day of June, 1877, defendant's death was suggested, and a summons issued for the appellee, his executrix, who appeared by attorney at *September Term,* 1877.

When on motion of plaintiffs' attorney, leave was granted to amend *titling, narr.,* and *writ,* and on the 15th day of October, 1877, a declaration was filed in the name of *Thomas Wright, administrator* of William Wright, containing one count in *debt* on the single bill; to this the appellee pleaded the Statute of Limitations. Further proceedings were then had, which need not be particularly noticed. On the 19*th day of March,* 1878, on motion of appellant's attorney, leave was granted to amend *narr.,* and on the same day an amended *narr.* in *assumpsit* was filed in the name of *Thomas Wright, administrator* of William Wright. This declaration contained three counts. The *first* alleged a promise by the defendant's testator in his life-time, to pay the plaintiff $500, but states no consideration for the promise, and for that reason the *first count* is insufficient and sets out no legal cause of action. The *second count* was for money loaned by the plaintiff to the defendant's testator. The *third count* alleged the indebtedness of defendant's testator to plaintiff's testator upon the single bill, which is described, that the same had been standing more than twelve years, the death of William Wright and the appointment of plaintiff as his executor, and alleged that in consideration of the premises, the defendant's testator, within three years before the institution of this suit, promised the plaintiff to pay him the sum of money mentioned in the said bill obligatory, and

alleges a breach of the promise, &c. Pleas were filed on the same day, replication and demurrer.

Up to this time no letters of administration on the estate of William Wright had been granted in Maryland. It appears by the record that these were granted by the Orphans' Court of Cecil County, to *Thomas Wright*, on the 20th day of March, 1878. On that day leave was granted to the plaintiff to withdraw replication and demurrer, and to amend *narr.*, and on the same day an amended *narr.* was filed, in the same words as contained in the declaration, filed on the 19th, except that in this last amended *narr.* the plaintiff declares as *executor of the last will of William Wright, deceased.*

Upon this *narr.* the cause was tried, which resulted in a verdict and judgment in favor of the defendant, from which the plaintiff has brought this appeal.

Before noticing the several bills of exception taken by the plaintiff below, it is proper to remark that the proceedings in the cause appear to have been in many respects irregular.

The amendments allowed by the Circuit Court were, by no means, warranted by the provisions of the Code. The suit was instituted in the first instance by *Thomas* and *Wilson* Wright, in their capacity as executors of the last will of William Wright; their appointment and qualification were under a foreign will, and in virtue of letters testamentary granted by a Probate Court in Pennsylvania. Nothing is better settled than that such appointment and qualification had no extra-territorial effect, and conferred on them no right to maintain a suit in Maryland, upon a cause of action belonging to their testator. *Glenn vs. Smith,* 2 *G. & J.,* 493; *Kraft vs. Wickey,* 4 *G. & J.,* 340; *Lucas vs. Byrne,* 35 *Md.,* 494; *Barton vs. Higgins,* 41 *Md.,* 539.

To maintain such a suit it was necessary that the will should be proved and recorded in Maryland as provided by the *Code, Art.* 93, *sec.* 327, and that letters of administration thereon should be granted in this State, (sec. 75.)

By that proceeding the right to institute suit would devolve upon the party obtaining letters in Maryland.

In this case it appears from the record that letters of administration were not granted to the appellant by the Orphans' Court of Cecil County till the 20th day of March, 1878.

In the meantime the suit begun in September, 1875, had been continued in the name of the original parties plaintiffs. In October, 1877, by an amendment, *Wilson Wright* disappears from the cause, and Thomas, his co-plaintiff, declared as *administrator*, three months before letters of administration had been granted to him in Maryland, and consequently before he had capacity to sue. After letters were granted to him, could he rightfully be made sole plaintiff, in this new character and capacity, by an amendment in the original cause?

We think it very clear that he could not under the provisions of the Code. These are very broad and liberal, but they cannot be construed as allowing such a radical change of proceeding as was made in this case.

*Art.* 75, *sec.* 23, provides that any of the proceedings, including the writ or summons, may be amended. Writs may be amended from one form of action to another, and any amendment may be made before the jury retire, &c. But this general language is not to be understood without qualification.

*Sec.* 26 provides " if there be a non-joinder or misjoinder of plaintiffs, the Court may allow an amendment by which a plaintiff may be added or stricken out, as the case may require."

*Sec.* 29 provides " In amendments for non-joinder or misjoinder, entire new parties, either plaintiffs or defendants cannot be introduced, but some one of the original plaintiffs, and some one of the original defendants must remain parties to the action, and in no case of amendment can

entire new parties, either plaintiffs or defendants, be made."

Now by the amendments made on the 15th day of October, 1877, and on the 20th day of March, 1878, an entirely new party plaintiff was made. It is true that he is the same natural person, who was one of the original plaintiffs, but by the amendment he seeks to maintain the suit in a new and different character and capacity, and under a different right. The suit was originally instituted by him jointly with another, in their capacity as executors of the last will. By the amendment the appellant becomes sole plaintiff, in a new and distinct capacity, as administrator, under and by virtue of letters granted to him by the Orphans' Court of Cecil County, thereby making an entire new party plaintiff contrary to the 29*th section* of the Code, before cited.

We have made these observations, in order that nothing in this opinion may be construed as sanctioning, in this respect, the proceedings in the Circuit Court. No exception, however, appears to have been made by the appellee to the allowance of these amendments, nor does it appear that the attention of the Court was called to them, nor was any objection made to the form of the amended *narr.,* filed on the 20th day of March, 1878, in which the appellant declared as *executor* of the last will of William Wright, instead of declaring as "administrator."

During the trial below three bills of exceptions were taken by the plaintiff. The *first* presents the question of the competency of Wilson Wright as a witness for the plaintiff, and the admissibility of his testimony, given subject to exception.

The defendant having plead the Statute of Limitations, this witness was offered to prove that in the years 1872 and 1873, within three years before this suit was instituted, the defendant's testator acknowledged the money due on the single bill to be an honest debt, and promised

to pay the same to the witness and Thomas Wright, who were the co-executors of William Wright, deceased.

The Circuit Court being of opinion the witness was not competent for this purpose, rejected the testimony, and to this ruling, the plaintiff excepted.

Apart from our Evidence Acts, the witness was clearly incompetent on account of interest. The will was not produced, and it does not appear whether he was a beneficiary under it, entitled as legatee to any portion of the assets of the testator.

Being a son of the testator, he is interested as a distributee, in the absence of a will disposing of the whole property in favor of others, and besides, as one of the executors, he had an interest in the subject-matter of the suit. The administration in Maryland is merely ancillary to the original administration in the place of the domicile of the testator, and any assets collected by the administrator in this State, would be payable to the executors in Pennsylvania, and applicable to the payment of the expenses of administration there, and to the payment of debts and legacies; there being no proof that the testator owed any debts in Maryland. *Williams vs. Williams*, 5 *Md.*, 467.

Again, the witness was originally one of the parties to this suit, and so continued for several Terms, so that he had an interest to the extent of the costs incurred while he was such party. For these reasons he was disqualified by the common law.

This cause of disqualification has been removed by our Evidence Acts, 1864, *ch.* 109, 1868, *ch.* 116, 1874, *ch.* 385, 1876, *ch.* 222; under which persons are made competent witnesses notwithstanding their interest. To this general provision the Act of 1868, contains an exception, which is re-enacted by the subsequent Acts; whereby it is provided "when an original party to a contract or cause of action is dead or shown to be lunatic or insane, * * *

either party may be called as a witness by his opponent, but shall not be admitted to testify on his own offer, or upon the call of his co-plaintiff, or co-defendant, otherwise than now by law allowed, unless a nominal party only."

The objection to the testimony taken in the Court below, was that the witness was an original party to the contract or cause of action, and Stephen Gilbert, the other party thereto being dead, the witness was incompetent to prove the contract, and his testimony for that purpose was inadmissible. The contract here sued on, is the parol promise of the defendant's testator. At the time the alleged promise was made, more than twelve years has elapsed from the maturity of the single bill, and all right of action thereon was barred; but an express promise then made to pay the money due thereon would support an action of *assumpsit;* the single bill being admissible in evidence to show the consideration to support the promises. *Lamar vs. Manro,* 10 *G. & J.,* 50; *Young vs. Mackall,* 4 *Md.,* 362; *Leonard vs. Hughlett,* 41 *Md.,* 380.

In such case the cause of action is not the single bill, but the parol promise, this is the contract upon which the suit was brought.

The parties to this contract were Thomas and Wilson Wright, executors on the one part, and Stephen Gilbert, (the defendant's testator) on the other part, the latter being dead, the appellee contends that neither of the surviving parties to the contract is a competent witness for the plaintiff.

On the other hand, the appellant contends that the witness not being a party to the record, is not within the exception, in the Act of 1868, which operates only to exclude from testifying, a party to a contract or cause of action, who is also a party to the case, and in support of this construction cites *Ela vs. Edwards,* 97 *Mass.,* 318, 319; *Granger vs. Bassett,* 98 *Ib.,* 468; *Richardson vs. Bracett,* 101 *Ib.,* 505, and *Looker vs. Davis,* 47 *Missouri,* 140.

The statutory provisions under consideration in those cases, were the same substantially as those of the Act of 1868, though, not in the same words; the only difference being that in the statutes of Massachusetts and Missouri, after the words "contract or cause of action" there are inserted the words "*in issue and on trial,*" but these do not alter the meaning.   *The Act of* 1868, in speaking of "*an original party to a contract or cause of action*" means the *contract or cause of action in issue and on trial.*   In the cases cited the exception in the statute was held to apply only to an original party to the contract, who was also a party to the suit.

In 47 *Missouri,* the witness was held to be competent because he was not a party to the contract or cause of action in issue and on trial.

In the Massachusetts cases it was said "the purpose of the exception is to exclude a party to the record from testifying in his own favor, when the other party to the contract or cause of action in issue is incapable of testifying against him."   The same construction of the statute had been given in *Chamberlain vs. Chamberlain,* 4 *Allen,* 184, and *Brown vs. Brightman,* 11 *Allen,* 226.

We find no fault with those decisions, and think they construed the statute correctly.   It would be difficult to imagine a case in which an original party to the contract or cause of action, in issue and on trial, would not be a necessary party to the suit, and this consideration discloses the real objection to the testimony of the witness in this case.

Waiving the objection that according to the evidence offered, the contract sued on was not made with the plaintiff, in the capacity in which he now seeks to maintain the suit, but long before he had assumed that capacity by obtaining letters of administration in Maryland; considering him the same person in law, as the person to whom the alleged promise was made, the evidence shows that it

was a promise made not to him alone, but to him and another jointly, to pay them the sum of money due on the single bill.   On a contract of this kind, it is not competent for the plaintiff to sue alone, Wilson Wright, the other person to whom the promise was made is a necessary party to the suit.

The declaration alleges a promise made by the defendant's testator to the plaintiff to pay him, the proof offered is that the promise was made to the plaintiff and Wilson Wright, executor, to pay them ; or in other words, to support an alleged contract made with one, the plaintiff offers proof of a contract made with two jointly, this proof does not support the allegation in the *narr.*, and was therefore properly excluded.

This was the only material part of the witness' testimony contained in the first bill of exceptions, by the rejection of which the appellant was injured, and as there was no error in rejecting it, the ruling of the Circuit Court in this bill of exceptions will not be reversed.

We affirm the ruling of the Circuit Court in the *second* bill of exceptions; the witness *Wilson Wright* had stated in his testimony in chief that he was one of the executors of the last will of plaintiff's testator, and had qualified as such; and the suit had been originally instituted by him jointly with Thomas Wright, as co-executors, the question whether he was executor at the time the suit was instituted was wholly immaterial, he could not be heard to testify that he was not then executor, in the face of his own acts, and declarations of record in the cause.   Nor was it competent for him to prove by parol that he was not executor at the time he gave his testimony.   Having been duly appointed, and qualified to act in that capacity, and having assumed the trust, the revocation of his powers and his discharge from the trust, could not be proved by parol, but must be evidenced by the proceedings of record in the proper Court.   The objection to the questions pro-

posed to be asked the witness, stated in this bill of exceptions, was properly sustained.

The *third* bill of exceptions was taken to the ruling upon the prayers.

The appellant's prayers were based upon the evidence of Wilson Wright, to establish the parol promise, or contract made by the defendant's testator, and as this evidence was properly excluded, there was no error in rejecting these prayers.

The legal proposition stated in the appellee's first prayer is correct, and as there was no evidence in the ause to support the action, her second prayer was properly granted.

*Judgment affirmed.*

(Decided 25th March, 1879.)