# WALTER H. HART

## *vs.*

# JOSEPH A. LEITCH.

*Malicious prosecution: evidence; appearance before grand jury.*
*Prayers: inclusion of facts that are unnecessary;*
*segregation of facts.*

In an action for malicious prosecution, the plaintiff is entitled to have the jury consider, as reflecting upon the question of malice, evidence of the defendant's interest in the prosecution, other than the particular conduct under which a valid cause of action could be predicated. p. 83

An action for malicious prosecution was based upon a proceeding instituted before a justice of the peace, which resulted in favor of the party accused; one of the prayers of the plaintiff (not otherwise open to criticism) contained a reference to the fact of the defendant's having appeared as a prosecuting witness, as to the same charge, before the grand jury, which failed to return an indictment; *held,* that although such reference to the proceeding before the grand jury was not necessary, yet its inclusion in a granted prayer did not present reversible error. p. 84

It was further *held,* that since the evidence that the defendant had so appeared before the grand jury was legally in the case, and was undisputed, such reference in the prayer was not wrongfully prejudicial to the defendant, and could not be said to enlarge the basis upon which damages might be awarded against him.                                                    p. 83

Where a prayer instructs the jury that the plaintiff is to recover if certain facts are found to exist, its effect is to withdraw from the consideration of the jury all facts other than those specified; and such a prayer is erroneous if the facts which it excludes admit of a conclusion different from the one to which it is directed.                                        pp. 82, 83

*Decided June 26th, 1914.*

Appeal from the Court of Common Pleas of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*William L. Rawls* (with whom was *Robert Moss,* on the brief), for the appellant.

*A. Theodore Brady* (with whom was *Wm. B. Smith,* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The appeal in this case is from a judgment recovered by the appellee against the appellant in a suit for malicious prosecution. It was alleged in the declaration that the appellant procured the appellee's arrest by charging him on oath before a justice of the peace with the larceny of certain

building material, valued in the affidavit at the sum of $5.00, and that after the charge had been heard and dismissed by the magistrate, an unsuccessful effort was made by the appellant to secure action by the grand jury on the same accusation. The principal conflict in the evidence was in reference to the question as to whether there was probable cause for the prosecution. A house belonging to the appellant was being remodeled, and some weatherboarding had been removed from an outbuilding, with a view to its being used elsewhere in the course of the work. Most of this material disappeared overnight. The appellant testified that he found some of it in the appellee's yard, which adjoined the lot occupied by the house being repaired. This was denied by the appellee, who insisted that nothing had been brought to his yard from the appellant's premises except some broken and useless pieces of wood which had been given him by the contractor in charge. There was no claim that any of the weatherboarding was included in the gift. It was in good condition and could be readily identified. The disputed issue of fact was whether a part of it had been found on the appellee's premises. Upon this question the parties and their respective witnesses were in absolute contradiction. As to the other features of the case there was practically no controversy in the evidence. It was proven that the appellant, before swearing out the warrant, had consulted his counsel, who advised such a course of action. The proof further shows that after the magistrate had dismissed the case the appellant reported that result to his counsel, who told him to lay the matter before the State's Attorney, as it was still open for investigation. This advice was followed, and the appellant subsequently appeared and testified before the grand jury in response to its summons. The consideration by that body of the evidence presented led to a second dismissal of the charge.

At the close of the trial instructions were granted at the request of the defendant, declaring the burden of proof to

be on the plaintiff to show that there was an absence of probable cause for the prosecution, and that the defendant acted with malice, and directing a verdict for the defendant if the jury should find that he did not act maliciously in the premises, but under the advice of counsel after making to the latter a full disclosure of all the material facts, or if the prosecution was instituted under such circumstances as would have induced a reasonable and dispassionate man to have undertaken it from public motives. There was also an instruction, at the defendant's instance, that if the jury should find from the evidence that the defendant found in the plaintiff's yard building material which the defendant had learned from his contractor had been taken or removed by some unknown person from the premises of the defendant on the preceding night, then there was probable cause for the prosecution; and further that to constitute probable cause it was not necessary that the plaintiff should have been in fact guilty of the alleged crime, but it was enough for the defendant's justification if the jury should find that he had reasonable ground to believe that the plaintiff was guilty of the offense charged. The Court below had no alternative, under the evidence, but to refuse prayers offered for the purpose of having the case withdrawn from the jury. The instructions, however, to which we have just referred were as full and favorable as could be reasonably proposed for the submission of the theories advanced by the defense.

The only question we are asked to determine is raised by the defendant's exception to the granting of the plaintiff's first prayer, which was to the effect "that if the jury should find from the evidence that the defendant swore out a warrant before a justice of the peace charging the plaintiff with the crime of larceny, and further find that on such warrant the plaintiff was arrested and placed under his personal recognizance for his appearance at the time set for the hearing, and that he appeared before the justice of the peace at the time so fixed, and that after a hearing the charge was

dismissed for want of sufficient evidence to hold him for the action of the grand jury; and if they should further find that the defendant *'appeared before the Grand Jury of Anne Arundel County and tried there to have the plaintiff indicted for the same offense for which he, the plaintiff, was exonerated by * * * the said justice of the peace'*; and should further find that the defendant aided in procuring the arrest and prosecution of the plaintiff under such circumstances as would not have induced a reasonable and dispassionate man to have undertaken it from public motives, then there was no probable cause for the prosecution, and the jury could infer, in the absence of sufficient proof to satisfy them to the contrary, that such prosecution was malicious in law and their verdict might be for the plaintiff." This prayer is said to be objectionable because it includes the clause we have italicized. The theory of the objection is that the appearance of the defendant before the grand jury can not be properly treated as the basis of a suit for malicious prosecution. It is argued that the testimony of the defendant before the grand jury could not be regarded as a continuation of the prosecution he had set in motion before the magistrate, because that proceeding had been finally terminated by a dismissal of the charge. It is then urged that in view of the failure of the grand jury to indict, and of the fact that the plaintiff was not arrested pending its investigation, the preferment of the charge to that body was not the commencement of a new prosecution for which he could be held liable. The decisions are not in accord as to what are the essential elements of a prosecution within the meaning of the law pertaining to actions of this nature. The diversity of judicial opinion on the subject is illustrated by the citations in 26 *Cyc.* 10, and in the case note to *Mitchell* v. *Donanski,* 9 L. R. A. (N. S.) 171. In *Bartlett* v. *Christhilf,* 69 Md. 231, it was held that an action for the malicious abuse of *civil* process could not be maintained "where there has been no wrongful deprivation of liberty or no illegal seizure of prop-

erty." But we do not find it necessary to decide in this case whether the same principle is applicable to a suit for a malicious prosecution based upon a charge of crime. If we assume for the purposes of the decision that the proceeding before the grand jury did not amount to a prosecution to such an extent as to make the defendant amenable to suit on account of his participation, even if he acted with malice and without probable cause, we are nevertheless unable to hold that the reference to this feature of the case in the plaintiff's first prayer was reversible error.

The clause of which the defendant complains was apparently inserted to make it conform to a count in the declaration which included a similar statement. A separate granted prayer, in conformity with the theory of another count, omitted any allusion to the appearance of the defendant before the grand jury, and made a verdict for the plaintiff depend upon the finding of a malicious and unsuccessful prosecution before the justice of the peace. The expression to which objection is made could have been omitted without any impairment of the completeness and efficacy of the instruction as a basis of recovery. The question we have to decide, however, is not whether the disputed reference was essential to the plaintiff's case, but whether it was erroneous and prejudicial to the defense. Its practical effect was simply to impose an additional and possibly unnecessary condition upon the plaintiff's right to a verdict by making it dependent upon a finding that the defendant had tried without success to procure an indictment by the grand jury. The elimination of this portion of the prayer would not have placed the defendant in a better position to resist the plaintiff's recovery. There is in the instruction no segregation of facts to the exclusion of others upon which the defendant might have relied for a verdict in his favor. Where a prayer instructs the jury that the plaintiff is entitled to recover if certain facts are found to exist, its effect is to withdraw from the consideration of the jury all facts other than those spec-

ified, and the rule is that the prayer is erroneous if the facts
which it excludes admit of a conclusion different from the
one to which it is directed. *Dolby* v. *Laramore,* 121 Md.
624; *Singer Co.* v. *Lee,* 105 Md. 663; *Corbett* v. *Wolford,* 84
Md. 426. There is no conflict in the evidence as to the nature
and extent of the plaintiff's efforts to further the prosecu-
tion, and the prayer did not disregard any conditions which
might have affected that issue. Upon the undisputed proof
the jury could not avoid finding that the defendant appeared
and testified before the grand jury for the purpose indicated.
The only practical controversy in the case related to the
question as to whether there was probable cause for the
prosecution, and the allusion in the prayer to another feature
of the case, as to which there was no contradiction, while it
may have been superfluous, could not injure the defendant
on the single issue as to the right of recovery with which
the prayer was concerned.

It is earnestly argued, however, that the part of the
plaintiff's first prayer under consideration was prejudicial
to the defendant because, in effect, it incorporated the grand
jury episode in the plaintiff's cause of action and thereby
enlarged the basis upon which damages could be awarded
under his third prayer, which instructed the jury that if they
should find for the plaintiff, they were "at liberty to take
into consideration all the circumstances of the case and
award such damages as will not only compensate the plain-
tiff for the wrong and indignity he has sustained in conse-
quence of the defendant's wrongful act, but may also award
exemplary and punitive damages as punishment to the
defendant for such wrongful act." The plaintiff was entitled
to have the jury consider, as reflecting upon the question of
malice, other evidence of the defendant's interest in the prose-
cution independent of the particular conduct upon which a
valid cause of action could be predicated. *Mertens* v. *Muel-
ler,* 119 Md. 525. The prayer, which was in the usual form
and unobjectionable, permits the jury to take into considera-

tion all the circumstances of the case in determining upon the amount of the verdict. There was such a close relation, in point of time and otherwise, between the defendant's action before the justice of the peace and his appearance before the grand jury, that the latter occurrence, even if it had not been referred to in the plaintiff's first prayer, was certain to be considered as one of the circumstances of the case in the award of damages, provided the jury adopted the view that the prosecution was without probable cause. The verdict as rendered was for $2,500, but upon a motion for a new trial this amount was reduced by the Court to $1,000.00. It has already been noted that the theory of the defense was submitted to the jury under instructions of the most favorable character. The case was carefully tried by the learned judge below, and while there are various exceptions in the record none have been pressed except the one we have discussed. If it were conceded that the clause to which objection is made was erroneously inserted in the plaintiff's prayer, we are entirely satisfied, in view of all the conditions we have mentioned, that there has been no resulting injury to the defendant which would justify us in reversing the judgment and remanding the case for a new trial.

The other exceptions, which were not argued either orally or in the brief on behalf of the appellant, have been given ·due consideration, but we have found no error in any of the rulings to which they relate.

*Judgment affirmed, with costs.*