MORRIS MASHKES ET AL. *v.* SOLID BUILDING & LOAN ASSOCIATION

[No. 45, April Term, 1934.]

*Decided June 14th, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Simon Silverberg,* with whom were *Grace Gerber Silverberg* and *Webster S. Blades* on the brief, for the appellants.

*Eldridge Hood Young,* with whom were *Sidney Bearman, Fine & Fine,* and *Young & Crothers,* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This appeal is from a judgment in a suit at law on the common counts and two special counts in assumpsit for the deficiency on a mortgagee's sale, against the grantees of the mortgagor.

Jacob Zetzer, by three mortgages dated March 9th, 1925, conveyed to the Solid Building & Loan Association, appellee and plaintiff, three parcels of land to secure the payment of $4,000 in each of the mortgages, upon the terms and conditions usual in Baltimore City building association mortgages as to payment and foreclosure. On December 7th, 1925, the mortgagor, Zetzer, conveyed the mortgaged property to Morris Mashkes and Simon Mashkes, appellants and defendants, subject to all of the mortgages, which the grantees undertook and agreed to pay. The declaration said the conveyance was made with the consent of the building association, and that the purchasers, the Mashkes, covenanted and agreed with it to pay the mortgage debt with interest. It does not appear how much was paid on the mortgage debt by the Mashkes,

but it does appear that about April 1st, 1929, they came to the association with the request for an extension of four years on the maturity of the mortgage, and on April 4th, 1929, by letter of that day, the association consented "to extend the maturity of the three mortgages * * * for an additional period of four years from the date of maturity." How much was paid by the defendants, when they ceased paying, or when the default occurred, do not certainly appear from the incoherent, unresponsive, and evasive testimony, but these are all questions of fact on which the jury found against the defendants. According to the bill of particulars, the total amount paid on account of the principal by Jacob Zetzer in nine months, and by the defendants after the conveyance by Zetzer, was $4,565.54. The amount distributed from the proceeds of sale was $2,495.81, leaving a balance, after adding interest, of $5,109.95.

The contentions of the parties are mainly questions of fact rather than of law. There was but one instruction given by the court, which instruction was that if the jury found that Jacob Zetzer conveyed his equity of redemption to the defendants and that they agreed with him to pay the mortgage debt "or that, on, after or about the time of said transfer defendants agreed to assume payment of the balance of the said unpaid mortgage debt, if the plaintiff waived a forfeiture thereof which the plaintiff agreed to do," or if the jury find the plaintiff extended the maturity of the mortgage and delayed foreclosure proceedings upon the promise of the defendants to pay the mortgage debt and that the mortgage debt was not paid, then their verdict should be for $5,109.95 with interest in their discretion from March 8th, 1932. The defendants filed special exceptions to every statement of fact in the court's instruction, (1) denying that the defendants "would pay the mortgage debt against said properties to the plaintiff"; (2) that they agreed at any time to assume payment of the balance; (3) that the plaintiff waived a forfeiture of its right to foreclose upon

default; or (4) that the maturity of the debt was extended upon the promise of the defendants to pay the mortgage debt; which were overruled, there being evidence to the contrary, as we find from the record, the third exception going also to the rulings on the exceptions to the court's instruction.

The instruction has three alternative propositions of law, each going to a verdict. The first is that "if the jury find at the time of said transaction defendants agreed with Zetzer to pay the mortgage debt against said property to plaintiff * * * then the verdict must be in favor of the plaintiff," etc. This statement of the law, standing alone, is not in accordance with the recent decision in *Scherr v. Preston Permanent Bldg. & Loan Assn.*, 166 Md. 106, 170 A. 197, in which the building association had secured a deficiency decree, under the local law for Baltimore City (Code Pub. Loc. Laws, art. 4, sec. 731 A), against the mortgagor's grantees, who had joined in the deed to themselves, wherein they covenanted with the mortgagor, their grantor, to be primarily liable upon all the covenants of the mortgage "to the same extent as though they had been the original mortgagors." This court, in reversing the decree, held that the covenant between the mortgagor and his grantees "created no direct contractual relationship between the appellants and the mortgagee."

One of the conditions of the mortgage here involved was that, if the mortgagor conveyed the mortgaged property without the consent of the mortgagee, it would have the right to hold the mortgages had matured, and proceed to foreclose. There is evidence in the record that the defendants advised the plaintiff that they had taken a conveyance of the mortgaged property, and would pay the mortgage debt, and that the plaintiff consented to the conveyance, and that, in pursuance of this promise, the defendants did continue to pay the mortgage debt until the extension granted in 1929, and thereafter until January 19th, 1932. This evidence, being before the jury, so supplemented the first clause in the instruction

as to supply the omission that there had been an agreement between the plaintiff and defendants for the acceptance by the former of the defendants in lieu of the original mortgagor. Then too, in their special exception, the defendants merely denied that there had been an agreement with Zetzer to assume the mortgage debt, and did not raise the question of any want of agreement between the plaintiff and defendants, of which we find there is evidence in the record. There was evidence of the promise, partially performed, of the defendants to the plaintiff to pay the mortgage debt, thus supplying the omission in the prayer and rendering it harmless. *Hart v. Leitch,* 124 Md. 77, 84, 91 A. 782.

The defendant Simon Mashke's version of the extension was, "It was past the time when the mortgage expired. Mr. Fine, the attorney of the building association, met me on the street. He said, 'Mashke, what are you going to do with that association, with the mortgage'? I said, 'Mr. Fine, one thing I can tell you. If they want to let it go the way it went till now I am willing to struggle with it.' * * * Mr. Fine said to me, 'I will let you know,' and one day he met me again * * * He says, 'Mashkes, I think it is all right; go ahead and pay'. Well I kept on paying again as much as I could." He denied that he ever asked the building association to extend the mortgage.

There is ample evidence here from which the jury could find as a fact that the association, in consideration of the defendants' promise to pay the mortgage debt, had consented to extend the time of maturity of the mortgage and, in so doing, it had accepted them as the principal debtors instead of Zetzer, the original mortgagor. *Asbell v. Marshall Bldg. & Loan Assn.,* 156 Md. 106, 110, 143 A. 715; *George v. Andrews,* 60 Md. 26, 32. The forbearance of the plaintiff to foreclose, and the promise of the defendants to pay the mortgage debt, constitute a contract which either party, keeping its or his agreement, could enforce against the other. *People's Banking Co. v Fidelity & Deposit Co.,* 165 Md. 657, 170 A. 544, 551,

552, 171 A. 345; *Hercules Powder Co. v. Campbell,* 156 Md. 346, 364, 144 A. 510.

For the reasons stated, the judgment should be affirmed.

*Judgment affirmed, with costs.*