## COUNTY TRUST COMPANY *v.* EMERSON C. HARRINGTON ET AL.
[No. 80, October Term, 1934.]

*Decided January 16th, 1935.*

The cause was argued before BOND, C. J., URNER, OF-
FUTT, and SLOAN, JJ.

*W. Laird Henry, Jr.,* with whom were *Henry & Henry*
on the brief, for the appellant.

*William D. Gould, 3rd,* with whom were *Harrington &
Harrington* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

On August 25th, 1917, the appellees executed a mort-
gage to the Eastern Shore Trust Company, conveying a
tract of land in Dorchester County containing 468 acres,
to secure the payment of their bill obligatory, payable one
year after date for the sum of $7,500, with interest pay-
able semi-annually at 6 per centum per annum.

By deed, October 29th, 1918, the appellees, together
with Leila B. Smith, wife of Russell P. Smith, conveyed
part of the land, containing 212 acres, to Rudolph Oswald
and Bertha S. Oswald, his wife, as tenants in common,
in consideration of a second mortgage on the 212 acres,
for $3,000, the assumption by their grantees of the mort-
gage for $7,500 on the whole tract, and the conveyance

of a tract of land belonging to Rudolph Oswald. Thereafter, the grantees of the appellees, the Oswalds, until the death of Rudolph Oswald, on August 27th, 1931, promptly paid the interest on the mortgage so given to the Eastern Shore Trust Company. W. Laird Henry had been named as attorney of the mortgagee, its successors or assigns, and, in pursuance of the power of sale contained in the mortgage, he foreclosed it and sold the entire mortgaged premises to Emerson C. Harrington, Byron E. Harrington, and W. Grason Winterbottom, for $5,100. When the auditor's report was stated and later ratified, it was found that the deficiency due on the original mortgage was $3,461.96. After the ratification of the auditor's report and ascertainment of the deficiency, the County Trust Company of Maryland, successor to the Eastern Shore Trust Company, filed a petition for a deficiency judgment against the appellees (Code, art. 66, sec. 24), who answered that the said Rudolph Oswald and Bertha L. Oswald had assumed payment of the mortgage debt; that since October 29th, 1918, none of the respondents nor any one on their behalf had paid any interest on the mortgage debt and had not in any way acknowledged the mortgage as their debt, and pleaded limitations on the mortgagees' petition; that on June 5th, 1930, subsequent to the assumption of the mortgage debt by the Oswalds, one of the buildings on the mortgaged premises had been destroyed by fire and the proceeds of the insurance paid to the Oswalds by the mortgagee, and not applied to the mortgage debt, without the consent of or consultation with the respondents; and that this was such a novation as to release the mortgagors from their suretyship, even if the debt had not been barred by limitations. From a decree dismissing the petition of the mortgagee, it appeals.

It is undisputed that the Oswalds paid the interest on the mortgage, then overdue, from October 29th, 1918, for thirteen years, and that all of the dealings with respect to it, after the first year, were between the Oswalds and the mortgagee, the Eastern Shore Trust Company.

The right of the mortgagee to sue the mortgagors is such as is derived from section 24, article 66 of the Code, and then can only be exercised when "the mortgagee or his legal or equitable assignee would be entitled to maintain an action at law upon the covenants contained in the mortgage for said residue of said mortgage debt so remaining unpaid and unsatisfied by the proceeds of such sale or sales." The positions, then, of the respective parties to the petition for a deficiency decree are precisely the same as they would be in an action at law on the covenants of the mortgage, with such defenses available to the mortgagors as they might plead at law. *Kushnick v. Lake Drive Bldg. & Loan Assn.*, 153 Md. 638, 643, 139 A. 446; *McDonald v. Bldg. Assn.*, 60 Md. 589, 592. Such action will lie at any time within twelve years of the default. *Earnshaw v. Stewart*, 64 Md. 513, 516, 2 A. 734; *Citizens' Bank v. Custis*, 153 Md. 235, 241, 138 A. 261. Among the defenses which can be pleaded by mortgagors, if the suit were at law on the covenants of the mortgage, is the plea of limitations, relied on by the appellees in this case, and the question is whether the payment of interest by their grantees for thirteen years after the due date of the mortgage prevents the statute running in favor of the original mortgagors.

The statute upon which the appellees rely is section 3, article 57 of the Code, which is: "No bill, testamentary, administration or other bond (except sheriffs' and constables' bonds), judgment, recognizance, statute merchant, or of the staple or other specialty whatsoever, except such as shall be taken for the use of the State, shall be good and pleadable, or admitted in evidence against any person in this State, after the principal debtor and creditor have been both dead twelve years, or the debt or thing in action is above twelve years' standing; (then added by the Act of 1904, ch. 414) provided, however, that every payment of interest upon any single bill or other specialty shall suspend the operation of this section as to such bill or specialty for three years after the date of such payment," of which the annotator, Mr. Bagby, says:

"The construction of this section with reference to the revival is different from that of section 1. Neither an acknowledgment of debt nor an express promise to pay same, will arrest operation of statute. There must be an express promise to pay after statute has become a bar. *Brooks v. Preston,* 106 Md. 706, 68 A. 294; *St. Mark's Church v. Miller,* 99 Md. 26, 57 A. 644; *Wright v. Gilbert,* 51 Md. 156; *Leonard v. Hughlett,* 41 Md. 387; *Felty v. Young,* 18 Md. 167; *Young v. Mackall,* 3 Md. Ch. 398; *Carroll v. Waring,* 3 G. & J. 503; *Willard v. Wood,* 164 U. S. 522, 17 S. Ct. 176, 41 L. Ed. 531. Where a new promise revives a specialty barred by statute, suit must be upon the new promise. *Felty v. Young,* 18 Md. 167; *Young v. Mackall,* 4 Md. 367; *Veasey v. Bassett,* 7 H. & J. 461. The action on the new promise is itself barred after three years. *Young v. Mackall,* 4 Md. 372; *Young v. Mackall,* 3 Md. Ch. 398."

Now the contention of the appellant is that the Oswalds and the original mortgagors were all principals, or the Oswalds were, in the payments of interest on the mortgage, the agents of the mortgagors. It has cited several authorities to the effect that payment on account of interest or principal by a mortgagor's grantee will retard the running of limitations against a mortgagor, and we have recognized the fact that elsewhere there is such a line of decisions in *Schindel v. Gates,* 46 Md. 604; but in that, as in subsequent cases, this court holds that such a situation does not make the mortgagor and his grantee all principals, nor does it make one the agent of the other. In the recent case of *Scherr v. Preston Permanent Bldg. Assn.,* 166 Md. 106, 170 A. 197, 198, it was said and held that: "The assumption by the appellants [grantees of mortgagor] of the mortgage debt, under the terms of the deed conveying the equity of redemption, created, as between them and the mortgagors, the relation of principal and surety with respect to that liability." In the more recent case of *Mashkes v. Solid Bldg. & Loan Assn.,* 167 Md. 270, 173 A. 54, 55, which was an action in assumpsit against the mortgagor's grantees by the mortgagee, it

was said there was "ample evidence here from which the jury could find as a fact that the association, in consideration of the defendants' promise to pay the mortgage debt, had consented to extend the time of maturity of the mortgage and, in so doing, it had accepted them as the principal debtors instead of Zetzer, the original mortgagor," all of which is in line with *Chilton v. Brooks,* 72 Md. 554, 557, 20 A. 125, 126, where it was said, in an opinion by Judge Alvey: "It is very true, as contended by the counsel for the defendant, that where a grantee covenants, or by apt terms assumes, to pay a mortgage debt charged on the granted premises, for the payment of which the grantor is bound, the relation of principal and surety arises." See *George v. Andrews,* 60 Md. 26, 33; *Asbell v. Marshall Bldg. & Loan Assn.,* 156 Md. 106, 111, 143 A. 715.

The covenant whereby the Oswalds were bound by the mortgagors to pay the mortgage debt was a separate and distinct obligation from the mortgagors' covenant, and we know of no theory on which the mortgagors and their grantees could be jointly liable for the mortgage debt. The only persons against whom a deficiency judgment could be obtained are the mortgagors, as they are the only parties who could be sued on the covenant to pay the mortgage debt, and the Oswalds could not be joined with the mortgagors in any such proceeding by the mortgagee. *Scherr v. Preston Permanent Bldg. Assn.,* 166 Md. 106, 170 A. 197.

If the mortgagors and their grantees are not joint obligors, and we hold that they are not, then payment of interest by the grantee would not keep alive the mortgage debt against the original mortgagors. *Newman v. Mc-Comas,* 43 Md. 70, 82; *Lingan v. Henderson,* 1 Bland, 236, 276; *McCormick v. Gibson,* 3 G. & J. 12. The authorities relied on by the appellant, *Schindel v. Gates,* 46 Md. 604, and *Hooper v. Hooper,* 81 Md. 173, 31 A. 508, apply only to cases where the payments relied on to suspend the running of the statute are made by a joint obligor.

For more than twelve years the appellant and appellees had nothing to do with each other with respect to the mortgage of the latter to the former. All of the dealings were between the mortgagee and the Oswalds, the appellees' grantees, and, in ignoring the personal responsibility of the mortgagors about four years too long, half of the security vanished. It is now too late. The plea of limitations has barred the right of the mortgagee to recover the balance from its mortgagors. As this is decisive of the appellant's claims against the appellees, there is no need to discuss the question of novation, on which the chancellor also found for the appellees.

*Decree affirmed, with costs.*