## DAVE B. KIRSNER *v.* SARAH COHEN
### [No. 2, January Term, 1937.]

688

*Decided February 18th, 1937.*

The cause was argued before BOND, C. J., URNER, OF-
FUTT, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*David Ash*, with whom was *Dave B. Kirsner* on the
brief, for the appellant.

*Harry Singerman*, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

The appellant, Dave B. Kirsner, appealed from a decree
*in personam* of the Circuit Court of Baltimore City
against him for a deficiency after the foreclosure of a
mortgage held by Sarah Cohen, appellee and assignee.

Questions have been raised as to the validity of this
sale because of the inadequacy of price, but no objections
were filed to its final ratification; consequently no appeal
lies from that action. The purchase price of the property
is $1,500, and the amount due on the property was $5,000,
with accrued interest, and after the deduction of the sales
price of the property from the debt, interest, and costs,
there was left due and owing to the appellee a large bal-
ance, as shown by the auditor's account. There were

exceptions to the ratification of the audit for the reason that the account was incorrect as to the amount stated to be due on the principal of the mortgage, because of usurious interest charges and payments made by the mortgagor, and for certain other reasons not involved in this appeal.

The chancellor, after a hearing on these exceptions, passed a decree allowing an abatement of $1,000 on account of the deficiency ascertained by the audit, and held the deficiency after this allowance to be $3,850.52. The other exceptions were overruled, and the audit was finally ratified and confirmed, from which action there was no appeal.

It was for this amount that Sarah Cohen, appellee, filed her motion for a decree *in personam* against the appellant, who answered, denying the right of the appellee to have a decree for the said balance due and unpaid on the mortgage debt. The jurisdiction of the court to grant the motion was denied, both as to the parties and to the subject-matter. It was charged that an adequate remedy at law was afforded to the appellant, and that due process of law was denied to him, in that he is entitled to a verdict of a jury in determining the balance due on the mortgage, if any; and that because of the depressed condition of the real estate market a fair sale could not be made, as evidenced by the inadequacy of price; and other reasons assigned and presented in the argument at bar.

We repeat that there were no objections to the ratification of the sale, and the questions as to its validity, because of irregularities, inadequacy of price, the depressed conditions of the times, whatever their effect may be, should have been interposed before the ratification of the sale. *Bainder v. Sound Bldg. & Loan Assn.*, 161 Md. 597, 598, 158 A. 2. The final ratification of the audit, first allowing the $1,000 as a credit, and ascertaining the amount due on the principal, being in its nature a final order, if objectionable, there should have been an appeal, and such appeal not having been taken, those objections cannot here be presented as a defense or as a reason why

the motion for the deficiency decree should not be entertained. There has been nothing presented in the argument or in the record under which the jurisdiction of the court of the subject-matter or the parties may be questioned. This was an ordinary foreclosure proceeding, under contractual authority and power contained in the mortgage, followed by the audit showing the balance due, and an order of the court finally ratifying the same. A proceeding in the usual form to obtain a deficiency decree was then instituted. In this proceeding the validity of the sale, its final ratification, the audit, and its final ratification, are sought to be reviewed, although no objections were filed to the ratification of the sale, and no appeal was taken from the action of the court in finally ratifying the audit.

Under the provisions of Code, art. 16, sec. 232, such a decree is permitted in all cases where there could be a recovery on the covenants of the mortgage in a suit at law, and the same defenses that might be there urged may be set up in this proceeding. *County Trust Co. v. Harrington*, 168 Md. 101, 176 A. 639. This seems to be the test, and nothing has been here shown to indicate that the appellee could not have asserted her rights and recovered in a court of law on the covenant to pay the principal of the debt and interest. Nor can it be contended that constitutional rights of the appellant have been denied. The authority to assert and present by petition a claim for the balance due and unpaid upon the foreclosure of a mortgage and to obtain a deficiency decree is given by the statute. Article 16, sec. 232 of the Code. This act has been before this court many times and its validity consistently recognized or approved. *County Trust Co. v. Harrington, supra; Allen v. Seff*, 160 Md. 240, 153 A. 54, and the numerous cases there collected and cited in an elaborate opinion by Judge Offutt.

The constitutionality of this act and of this proceeding under it cannot be rightfully questioned. Its purpose was declared in *Commercial Building & Loan Assn. v. Robinson*, 90 Md. 615, 45 A. 449, 455, wherein it was correctly

stated that it was obvious that the statute "was obviously enacted to avoid the delay and expense incident to a separate suit upon the covenant, and the remedy is cumulative."

In the case at bar the amount or balance due on the mortgage was established by the order of ratification of the audit, which stood without appeal, and is the basis of this proceeding, and, this being so, the appellant cannot justly complain that any of his rights have been abridged.

The contention that, because of the depressed condition of the real estate market, the sale was not or could not have been properly made, has been before this court, and that question has been disposed of. *Kenly v. Huntingdon Bldg. Assn.* 166 Md. 182, 170 A. 526; *Kemp v. Waters,* 165 Md. 521, 170 A. 178; *Lewis v. Beale,* 162 Md. 18, 23, 158 A. 354, 356. In the latter case, Judge Parke, speaking for the court, said: "The fact that the court must consider the question at bar with reference to the circumstance that the standard is that of a forced sale, fairly made, rather than that of a voluntary sale by the owner, is due to the default of the debtor, who must assume the agreed consequences of the default. If the sale take place during a period of financial depression, or of depreciation in the value of land, or of other adverse general conditions for which neither party is responsible, and hardship thereby result, it is a consequence which must be borne as an incident of the contract, and the court cannot relieve one party to the contract without violating the contractual right of the other."

Had the appellant desired to raise this question, he should have done so by objecting to the ratification of the sale.

This question arose upon a motion for a decree *in personam,* and the contention that the appellee, as an assignee of the mortgage, may not maintain an action at law on the covenants of the mortgage and, therefore, cannot maintain her motion for this deficiency judgment, is

answered in the case of *Parks v. Skipper,* 164 Md. 388, 165 A. 319. From what we have said, the decree must be affirmed.

*Decree affirmed, with costs to the appellee.*