HARRY W. McMAHAN *v.* DORCHESTER FER-TILIZER CO.

[No. 56, October Term, 1944.]

*Decided December 20, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*W. Brester Dean,* for the appellant.

*Wilbert L. Merriken,* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

On July 3, 1943, the Dorchester Fertilizer Company, a body corporate, entered suit against Harry W. McMahan, a farmer, of Caroline County, on·his sealed promissory note for $370.92, dated December 1, 1930, and payable on June 1, 1931, and obtained a judgment by confession against him for $526.57 and $52.65 as attorney's fee for collection. On motion of defendant the Court struck out the judgment. Defendant then pleaded that the cause of action accrued more than twelve years before institution of suit. When the case was tried on May 11, 1944, defendant admitted that the two partial payments credited on the note, $50 on July 15, 1931, and $20 on September 15, 1931, were the only payments he had made. The Court held that the instrument was not barred by the Statute of Limitations, and rendered judgment in favor of plaintiff for $539.98 and $53.99 as attorney's fee. Defendant appealed from·that judgment.

Our first Act of Limitations, passed by the Assembly of the Province of Maryland in 1715, contained the following section pertaining to specialties: "That no bill, bond, judgment, recognizance, statute merchant, or of the staple, or other specialty whatsoever, except such as shall be taken in the name or for the use of our sovereign Lord the King, his heirs and successors, shall be good and pleadable, or admitted in evidence against any person or persons of this province, after the principal debtor

and creditor have been both dead twelve years, or the debt or thing in action above twelve years standing; saving to all persons that shall be under the afore-mentioned impediments of infancy, coverture, insanity of mind, imprisonment, or being beyond the sea, the full benefit of all such bills, bonds, judgments, recognizances, statutes merchant, or of the staple, or other specialties, for the space of five years after such impediment removed, any thing in this act beforementioned to the contrary notwithstanding." Acts of 1715, Ch. 23, Sec. 6; Laws of Maryland, revised by Maxcy, 1811, vol. 1, 84-86.

It is a familiar rule that, while an action on simple contract, in order to escape the bar of the Statute of Limitations, must be commenced within three years from the time the cause of action accrued (Code, 1939, Art. 57, Sec. 1; *Vincent v. Palmer,* 179 Md. 365, 374, 19 A. 2d 183, 189), a promise to pay a debt on simple contract, after it is barred by the Statute of Limitations, revives the remedy. Even a mere acknowledgement of such a debt will remove the bar of the statute, because if the debtor acknowledges the debt it is implied that he promises to pay. Furthermore, part payment of principal or interest is considered an acknowledgment. *Burgoon v. Bixler,* 55 Md. 384, 392, 39 Am. Rep. 414. But the section of the statute pertaining to specialties is given an entirely different construction. In the case of a specialty, the Court of Appeals has repeatedly held that an acknowledgment of the debt at any time during the twelve-year period will not arrest the operation of the statute, and an express promise to pay the debt subsequent to the twelve-year period will not revive the remedy. In other words, a specialty is extinct after the period of twelve years, and thereafter no action can be maintained on the specialty except where the creditor has been under one of the impediments mentioned in the statute. It was recognized at an early day, however, that it was not the object of the Maryland Assembly, in passing the Act of Limitations of 1715, to prohibit admission in evidence of a specialty above twelve years' standing in any case where it was

not itself the foundation of the action. *Lamar v. Manro,* 10 Gill & J. 50, 61. While a specialty may not be used as a cause of action after it has been barred by the lapse of the statutory period, it may be admitted in evidence to show consideration to support a new promise. But it is emphasized that in order to recover on an express promise to pay a specialty after it is barred by the statute, the suit must be brought upon the new contract. *Carroll v. Waring,* 3 Gill & J. 491; *Young v. Mackall,* 4 Md. 362, 367; *Felty v. Young,* 18 Md. 163; *Wright v. Gilbert,* 51 Md. 146, 156; *Brooks v. Preston,* 106 Md. 693, 706, 68 A. 294; *County Trust Co. v. Harrington,* 168 Md. 101, 105, 176 A. 639; *Frank v. Wareheim,* 177 Md. 43, 56, 7 A. 2d 186.

In conformity with these basic principles, Judge Alvey expressed the opinion in 1875 in *Leonard v. Hughlett,* 41 Md. 380, that where the remedy on a single bill becomes barred by the Statute of Limitations upon the expiration of the statutory period of twelve years, mere payment of interest on the debt will not raise any such promise as will support an action for the amount due on the single bill. In 1904 the Statute of Limitations was found to operate unjustly in *Trustees of St. Mark's Evangelical Lutheran Church v. Miller,* 99 Md. 23, 57 A. 644. In that case Miller gave the church trustees a sealed note in 1882, and made payments of interest thereon until his death in 1902; but when a claim was filed thereon in equity in the Circuit Court for Washington County, Miller's heirs pleaded the Statute of Limitations. That Court held that the claim was barred. On March 22, 1904, the Court of Appeals reversed the decree and remanded the cause on technical grounds; but it is believed that the glaring injustice threatened in the case induced the Legislature, which was then in session, to amend the section pertaining to specialties, by inserting the proviso that every payment of interest shall suspend the operation of this section for three years after the date of such payment.

The section, which has been in effect since its approval on April 8, 1904, is as follows: "No bill, testamentary, administration or other bond (except sheriffs and constables' bonds), judgment, recognizance, statute merchant, or of the staple or other specialty whatsoever, except such as shall be taken for the use of the State, shall be good and pleadable, or admitted in evidence against any person in this State after the principal debtor and creditor have been both dead twelve years, or the debt or thing in action is above twelve years' standing; provided, however, that every payment of interest upon any single bill or other specialty shall suspend the operation of this section as to such bill or specialty for three years after the date of such payment; saving to all persons who shall be under the aforementioned impediments of infancy or insanity of mind the full benefit of all such bills, bonds, judgments, recognizances, statute merchant, or of the staple or other specialties, for the period of six years after the removal of such disability." Acts of 1904, Ch. 414; Code 1939, Art. 57, Sec. 3.

The payments in this case were applied by plaintiff on the principal. According to the record, the payments of $50 and $20 curtailed the principal from $370.92 to $300.92. It might plausibly be argued that payment of principal ought to have the same effect as payment of interest in suspending the operation of the statute. But the question whether the operation of the statute is to be suspended by payment of interest, or by payment of principal, or by payment of both interest and principal, is for the determination of the Legislature. It is our opinion that when the Maryland Legislature inserted in the Statute of Limitations the words "every payment of interest", it did not mean "every payment of interest and every payment on the principal." Statutes of limitations are remedial legislation and rest upon sound public policy, for they are enacted to afford protection against stale claims after a lapse of time which ought to be sufficient for a person of ordinary diligence, and after which the defendant might be placed at a disadvantage by rea-

son of long delay. By requiring persons to seek redress by actions at law within a reasonable time, the Legislature imposes a salutary vigilance and puts an end to litigation. Accordingly, the Courts should refuse to give statutes of limitations a strained construction to evade their effect. *McCluny v. Silliman,* 3 Pet. 270, 278, 279, 7 L. Ed. 676, 679. When a Tennessee case, which was within the Statute of Limitations of that State, and not within the letter of its exceptions, came before the Supreme Court of the United States, Chief Justice Marshall said: "Wherever the situation of a party was such as, in the opinion of the Legislature, to furnish a motive for excepting him from the operation of the law, the Legislature has made the exception. It would be going far for this court to add to those exceptions.* * * If this difficulty be produced by the legislative power, the same power might provide a remedy; but courts cannot, on that account, insert in the statute of limitations an exception which the statute does not contain." *McIver v. Ragan,* 2 Wheat. 25, 29, 30, 4 L. Ed. 175, 177. We conclude that, where the Legislature has not made an exception in express words in the Statute of Limitations, the Court cannot allow any implied and equitable exception to be engrafted upon the statute merely on the ground that such exception would be within the spirit or reason of the statute. *Bedell v. Janney,* 4 Gilman, Ill., 193; *Dozier v. Ellis,* 28 Miss. 730; *Black, Interpretation of Laws,* 332.

We, therefore, conclude that, since the payments on the note were not payments of interest, they did not suspend the operation of the Statute of Limitations. And since recovery on the note was barred after the lapse of twelve years, the Court below erred in entering judgment in favor of the plaintiff.

*Judgment reversed, without a new trial, with costs to appellant.*