MARGARET MARDEN *v.* C. EDWARD JONES,
ANCILLARY ADMINISTRATOR.
[No. 40, October Term, 1933.]

*Decided December 7th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*John Phelps,* for the appellant.

*John J. Neubauer,* with whom was *Evan D. Llewelyn* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

By a promissory note under seal, dated May 5th, 1927, the appellant promised to pay, three years after date, to the order of Thomas Cameron, $1,000 with interest. Beneath the signature and seal of the maker there was written the following statement: "If he should be dead at the expiration of this note it becomes null and void." That notation was made by the appellant in the payee's presence, when the note was executed. The payee died about eleven months after it matured. During the period between the date of its maturity and the payee's death, the appellant made seven payments of fifty dollars each on the note. These payments were duly credited on the back of the note by the payee, who retained possession of the instrument until the time of his death. Suit on the note was brought by the ancillary administrator of his estate in Maryland; the principal administration being in the State of New York, where the decedent had his domicile. The trial of the suit resulted in a judgment in favor of the plaintiff for $939.86. The appeal is from that judgment.

In refusing to grant certain prayers proposing a directed verdict for the defendant, the trial court made the only rulings presented for review on appeal.

The grounds of action and defense in the case involve conflicting interpretations of the memorandum that the note was to become null and void if the payee should be dead at its "expiration." That provision is construed by the defendant as a defeasance clause preventing the enforcement of the note if the payee should die at any time before it became extinguished by payment or barred by the statute of limitations. The opposing theory is that the term "expiration" referred to the ending of the period which must elapse before the note matured. It is further contended by the plaintiff that the adoption of the defendant's interpretation of the memorandum would place her in the position of relying upon a gift which was ineffectual because it was not designed to be accomplished in the donor's lifetime.

The clause which has produced this litigation, if intelligible at all, readily admits of differences of opinion as to its

meaning. Neither of the theories as to its probable intent seems to us satisfactory. The word "expiration," as applied to the note itself, would not appropriately be used to indicate the termination of its period of immaturity. On the other hand, the acceptance of the defendant's view as to the significance of the term "expiration" would tend to the conclusion that the clause was superfluous. It provided that the note was to become void "at its expiration," if the payee were then dead. A declaration to that effect would have been wholly unnecessary if "expiration" is construed as equivalent to extinguishment of the liability by limitations or payment.

The contingency mentioned in the memorandum was not to be determined until the death of the payee. At any time prior to that event, his right to collect in full the matured note could have been successfully asserted. It was in fact being periodically curtailed after maturity, and the conduct of the parties justifies a presumption that complete payment would have been made and accepted if the payee had continued to live until that result could have been accomplished. To the extent of the unpaid balance, the note of the defendant was an asset of the payee's estate in his lifetime, and remained such until his death, upon any of the theories advanced in the case. However the notation may be interpreted or characterized, it was not incompatible with the existence and enforceability by the payee himself of the obligation to which it was appended.

In order that the memorandum on the note may be the basis of a valid defense to this suit, it must be found to have a meaning which can be understood. If the intent of the parties has not been expressed with adequate clearness and certainty, the court is not at liberty to supply that deficiency by conjecture as to the real purpose. Neither as a gratuitous provision, nor as one contractual in its nature, could the memorandum operate as a bar to the liability sued on, unless it has an ascertainable and definite significance supporting such a result. In our judgment the language of the clause does not admit of an interpretation sufficiently free from doubt to make it available as a defense to this action. It is

too obscure in its import to serve as the ground of a decision in which we could have the requisite degree of confidence. Consequently we must approve the refusal of the trial court to direct a verdict for the defendant.

The contention that the plaintiff, as ancillary administrator, had no authority to maintain this action on a note held by a decedent in New York without an assignment of it to the plaintiff by the administrator in that state is answered in principle by decisions of this court in *Citizens' National Bank v. Sharp,* 53 Md. 521, and *Wright v. Gilbert,* 51 Md. 146.

A question of variance between the declaration and the evidence is presented in the appellant's brief. It was an objection which could readily have been cured by amendment at the trial. But the prayer which is said to have raised the objection was too general in its reference to the pleadings to permit us to consider the question on appeal. *Weiss v. Northern Dredge & Dock Co.,* 155 Md. 351, 142 A. 253; *General Automobile Owners' Assn. v. State, use of Penn,* 154 Md. 204, 140 A. 48; *Fidelity & Deposit Co. v. Beneficial Loan Assn.,* 153 Md. 188, 137 A. 902; *Ditto v. Wolf,* 153 Md. 449, 138 A. 331.

*Judgment affirmed, with costs.*